HALL, Judge.
This dispute between brothers-in-law involves certain structures located on adjoining tracts of land on Smith Street in West Monroe. A schematic diagram of the property involved is reproduced below:
*1126 [[Image here]]
Tracts Nos. 1 and 2 were previously owned as community property by L.H. and Alice Hemphill, defendant’s parents and plaintiffs in-laws. Upon the Hemphills’ divorce, as part of the community property settlement, L.H. Hemphill acquired Tract No. 1 and Alice Hemphill acquired Tract No. 2. A store building was located on each of the tracts, with a common wall between the buildings located on the property line. Gas pumps were located on Tract No. 1 and gas storage tanks servicing the pumps were located on Tract No. 2. Plaintiff-appellant, William D. Thompson, purchased Tract No. 1 from L.H. Hemphill in 1976. Defendant-appellee, Lamar Hemphill, purchased Tract No. 2 from Alice Hemphill in 1978. Plaintiff acquired Tract No. 3 in 1979 from a Mrs. Gresham.
Friction arose between plaintiff and defendant in July 1980 over plaintiff’s continued use of the underground gasoline storage tanks located on Tract No. 2. A survey revealed that Hemphill’s store building encroached slightly onto Thompson’s Tract No. 3. A signpost set in concrete related to Hemphill’s store was determined to be located on Tract No. 3. A truck body or trailer which Hemphill placed on a concrete slab or concrete blocks in 1978 and which he used as a workshop was found to encroach on Tract No. 3.
On August 1, 1980 plaintiff filed suit seeking injunctive relief, removal of the encroachments, and damages for trespass and loss of business revenue. A temporary restraining order restraining Hemphill from interfering with Thompson’s use of the gasoline storage tanks was issued, but lapsed when the rule for a preliminary injunction was continued and not tried. Plaintiff abandoned his claim for injunctive relief after building new storage tanks on his own property.
After trial on the merits, pursuant to written reasons for judgment, the trial court rendered judgment (1) granting defendant a predial servitude for that part of his permanent building and trailer which *1127 encroaches on plaintiff s property, Tract No. 3; (2) awarding plaintiff compensation in the amount of $150 for the servitude granted to defendant; (3) awarding plaintiff $500 for gasoline belonging to him which defendant would not let plaintiff remove from the underground storage tanks, provided however that defendant could relieve himself of the payment of the $500 by allowing plaintiff to remove the gasoline; (4) awarding defendant $250 as damages for his attorney fees incurred in connection with the temporary restraining order which the court found to be wrongfully issued; and (5) ordering defendant to remove all litter, debris, and other objects surrounding the trailer. Although not expressly mentioned in the judgment, plaintiff’s demand for damages to a fence torn down by the defendant was rejected, as was his demand for damages in the form of lost revenue allegedly caused by defendant’s refusal to let him obtain gasoline from the gasoline storage tanks.
The plaintiff appealed, specifying that the trial court erred in granting the predial servitude for the encroachment of the trailer, in awarding an insufficient sum as compensation for the servitude, in failing to award damages for the destruction of the fence, in failing to award plaintiff damages for lost revenue, in awarding attorney fees for the wrongful issuance of the temporary restraining order, in failing to render judgment establishing the boundary between Tracts Nos. 1 and 2, and in failing to grant a new trial. The defendant did not appeal or answer the appeal.

Servitude for Encroachment

Plaintiff does not question the servitude granted by the trial court insofar as it concerns the building located on Tract No. 2 which encroaches slightly onto Tract No. 3. However, plaintiff contends there is no authority for the trial court’s action in granting a servitude for the encroachment of the trailer because the trailer is not a “building” for which an encroachment servitude may be granted by the court under LSA-C.C. Art. 670 [1] The defendant argues, on the other hand, that the truck trailer placed on a concrete slab and used as a workshop is a building or an “other construction” under LSA-C.C. Art. 463 for which an encroachment servitude may be granted under LSA-C.C. Art. 670 or the general equitable principles of LSA-C.C. Art. 21.
Regardless of whether this particular structure can be classified as a building for which an encroachment servitude may be granted under LSA-C.C. Art. 670, it is our view that the trial court abused its discretion in granting the servitude for the trailer encroachment.
Prior to the revision of the Civil Code articles on predial servitudes in 1978, effective January 1, 1979, the Civil Code provided no express remedy for the situation where a landowner in good faith constructed a building or other structure of a permanent nature which encroached upon adjoining property. Recognizing the sometimes harsh and inequitable result of requiring a landowner in good faith to demolish or remove a structure in such a situation, the courts on occasion turned to LSA-C.C. Art. 21 in seeking an equitable solution to the problem. See Morehead v. Smith, 225 So.2d 729 (La.App. 2d Cir.1969); Porterfield v. Spurgeon, 379 So.2d 56 (La.App. 3d Cir.1979). In the revision of the Civil Code articles, LSA-C.C. Art. 670 was designed to grant to the courts express discretionary authority to reach an equitable solution by granting a predial servitude for the encroachment with payment of compensation to the adjoining landowner whose property is burdened by the servitude. Article 670 allows a court, in the sound exercise of its discretion, to avoid a situation in which a good faith landowner, in order to remove an *1128 encroachment, would be required to demolish or destroy the utility of a building which encroaches, perhaps only slightly, onto adjoining property.
Here, the structure involved, whether or not it be considered a building, is an old truck body placed on a concrete slab or blocks. The structure encroaches substantially onto the adjoining property in that at least one-half of it is located on the adjoining property. There is no evidence that the trailer is attached in any permanent manner to the concrete on which it rests. There is ample space on the defendant’s property to relocate the trailer without encroachment onto the plaintiff’s property. There is no reason why the trailer could not be moved off of the plaintiff’s property without undue expense and without impairing the utility of the structure. Under these circumstances the grant of a servitude, thereby encumbering the adjoining landowner’s property in a substantial manner for an indefinite period of time, is not warranted. The granting of the servitude was an abuse of the court’s discretion. The judgment will be reversed and set aside insofar as it grants a predial servitude for the eiicroachment of the trailer and judgment will be rendered ordering the defendant to remove the trailer from the plaintiff’s property.

Compensation for Servitude

Plaintiff-appellant contends that the amount awarded for the encroachment servitude, $150, is insufficient. The thrust of this contention is diminished by the fact that the extent of the servitude is reduced substantially in accordance with the conclusions reached in the previous section of this opinion. The $150 award seems reasonable for the slight encroachment of the store building on plaintiff’s property, and will not be disturbed.
Ownership of gasoline storage tanks — Damages caused by defendant’s refusal to allow plaintiff to use the tanks — Validity of restraining order restraining defendant from interfering with plaintiff’s use of the tanks
The plaintiff contends that he is the owner of the underground gasoline storage tanks located on the defendant’s property by virtue of his acquisition of Tract No. 1 and the improvements thereon and appurtenances thereto, it being plaintiff’s contention that the storage tanks are appurtenances to the store building and gasoline pumps located on Tract No. 1. Plaintiff contends that since he is the owner of the storage tanks he is entitled to recover damages resulting from a loss of revenue caused by defendant’s refusal to allow him to draw gasoline from the tanks for sale to his customers. Plaintiff further contends that because of his ownership of the tanks he was entitled to the temporary restraining order restraining defendant from interfering with his use of the tanks, and that the trial court erred in finding that the temporary restraining order was wrongfully issued and in awarding damages for the wrongful issuance thereof.
Plaintiff’s contention that he acquired ownership of the storage tanks located on Tract No. 2 when he acquired ownership of Tract No. 1 is without merit. In the 1972 community property settlement, L.H. Hemphill conveyed all of his interest in Tract No. 2 to Alice Hemphill. That conveyance necessarily carried with it ownership of the permanently installed underground storage tanks located on Tract No. 2. Although L.H. Hemphill and later plaintiff continued to use the storage tanks to supply gasoline to the pumps located on Tract No. 1, it was by sufferance or agreement with the owner of Tract No. 2, Alice Hemphill and later the defendant, and not through right of ownership or contractually granted servitude. When L.H. Hemphill conveyed Tract No. 1 to plaintiff in 1976 he had no rights of ownership in Tract No. 2 or the storage tanks located thereon and could not have conveyed any such rights to the plaintiff.
Since the tanks were owned by the defendant and not by plaintiff, it follows that plaintiff is not entitled to recover damages from the defendant because of the *1129 defendant’s refusal to continue to allow the plaintiff to use the tanks. It also follows that the plaintiff was not entitled to a temporary restraining order restraining the defendant from interfering with his use of the tanks. Plaintiff’s demands for recovery of lost revenue were properly rejected and the defendant was properly awarded attorney fees of $250 billed to him by his attorney for services rendered in connection with the temporary restraining order and preliminary injunction rule as damages for wrongful issuance of the temporary restraining order. LSA-C.C.P. Art. 3608.

Recovery for damage to fence

Plaintiff contends that the trial court erred in failing to award damages caused by defendant’s destruction of a fence erected by the plaintiff along the property line between Tract No. 1 and Tract No. 2. Plaintiff’s claim was rejected by the trial court because of an insufficiency of evidence as to the amount of damages.
Plaintiff testified and defendant admitted that the defendant tore down several of the poles of the fence constructed by the plaintiff. Plaintiff testified that he bought $12 worth of concrete in which the poles were set and that he used metal poles and wire that he had on hand in building the fence. Plaintiff estimated that it would have cost him $400 to build the fence if he had had to pay for the labor and materials.
Although the precise amount of plaintiff’s damages was not established, it is apparent that he sustained damage by reason of defendant’s action in tearing down his fence, and the evidence is sufficient to calculate a reasonable award, which we fix at $200. The judgment will be amended accordingly.

Boundary judgment

Plaintiff contends that the trial court erred in failing to render judgment establishing the boundary between Tracts Nos. 1 and 2. This contention is without merit.
Plaintiff’s petition does'not contain any allegations concerning the location of the boundary between the tracts, nor does the petition pray for judgment establishing the boundary between the two tracts. This is not a boundary action as established by LSA-C.C.P. Arts. 3691, et seq. Formal establishment of the boundary line between the tracts was not at issue in this proceeding. Although a survey was offered into evidence and it was necessary for the trial court to make a determination as to the boundary in order to determine the extent of the encroachments, the formal establishment of the boundary was not prayed for and properly was not made a part of the judgment in this proceeding.

Motion for new trial

Plaintiff contends that the trial court erred in overruling his motion for a new trial, and specifically in failing to amend the part of the judgment relating to the gasoline remaining in the storage tanks in view of plaintiff’s allegation that less than 500 gallons were actually retrieved from the tanks after the original judgment was rendered in this case.
The motion for new trial was considered by a judge other than the judge who rendered the original judgment some year and one-half after the original judgment was rendered. No peremptory grounds for granting the new trial were presented and the trial court properly exercised its discretion in denying the new trial.

Decree

For the reasons assigned, the judgment of the district court is reversed insofar as it grants to the defendant a predial servitude for that part of the trailer which encroaches on plaintiff’s property and the judgment is amended to strike the words “and trailer” in the fourth adjudicating paragraph of the judgment. The judgment is further amended to provide that there be judgment herein in favor of the plaintiff, William B. Thompson, against the defendant, Lamar Hemphill, for the full sum of $200, together with legal interest thereon from the date of judicial demand until paid.
*1130 As amended the judgment is otherwise affirmed. Costs of the appeal are assessed one-half to the plaintiff and one-half to the defendant.

. LSA-C.C. Art. 670:
“When a landowner constructs in good faith a building that encroaches on an adjacent estate and the owner of that estate does not complain within a reasonable time after he knew or should have known of the encroachment, or in any event complains only after the construction is substantially completed the court may allow the building to remain. The owner of the building acquires a predial servitude on the land occupied by the building upon payment of compensation for the value of the servitude taken and for any other damage that the neighbor has suffered.”