445 So.2d 152 (1984)
Eva G. BUSHNELL, et al., Plaintiffs-Appellants,
v.
Mary Katherine ARTIS, Defendant-Appellee.
No. 83-452.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
*153 Wilford D. Carter, Lake Charles, for plaintiffs-appellants.
R. Keith Findley, Lake Charles, for defendant-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This suit involves a boundary dispute and a predial servitude between adjoining landowners in Allen Parish. The trial court determined that the plaintiffs owned a 15 foot wide strip of land between the homes, but awarded defendant a predial servitude because defendant's home encroached on the disputed land. As compensation for the predial servitude the defendant was ordered to pay plaintiffs $1500. The plaintiffs have appealed asking that defendant's home be demolished or, in the alternative, that the amount of compensation be increased. The defendant has answered the appeal seeking a reduction of the amount of compensation awarded.
The issues on appeal are as follows:
1) Whether the trial court erred in granting a predial servitude under the authority of LSA-C.C. Art. 670;
2) Whether the trial court erred in its calculation of the amount of compensation plaintiffs are due for the predial servitude; and
3) Whether the trial court erred in denying plaintiffs' damages for medical expenses and mental anguish.

FACTS
In 1965 Dallas Simeon sold the following described tract to the plaintiffs:
The East one hundred five (105) feet off Lot Nine (9) of the Nixon Subdivision of Northwest Quarter Section Thirty-six (36) Township Six (6) South, Range Five (5) West of Louisiana Meridian. This tract is subject to a Fifteen (15) foot strip off the West side of said lot.
Mr. Simeon testified that the notary public who prepared the deed thought that the tract was subject to a 15 foot alley on the west side of the lot. No alley actually existed. Nonetheless, shortly after their purchase, plaintiffs erected a chain link *154 fence which was offset twelve feet from their western boundary.
In 1977 Dallas Simeon sold defendant a fifty foot lot west of and adjacent to plaintiffs' land. There was no reference in defendant's deed to the fifteen foot strip of land described in plaintiffs' conveyance. Defendant constructed a brick home which encroaches approximately six feet onto the disputed fifteen foot strip.
Neither party to this appeal has contested that portion of the trial court's judgment which recognized plaintiffs' ownership of the fifteen foot strip of land.
APPLICABILITY OF LSA-C.C. ART. 670
Plaintiffs urge that Art. 670 is not applicable because defendant was not in good faith when she constructed her home partially on plaintiffs' land.
LSA-C.C. Art. 670 provides as follows:
"When a landowner constructs in good faith a building that encroaches on an adjacent estate and the owner of that estate does not complain within a reasonable time after he knew or should have known of the encroachment, or in any event complains only after the construction is substantially completed the court may allow the building to remain. The owner of the building acquires a predial servitude on the land occupied by the building upon payment of compensation for the value of the servitude taken and for any other damage that the neighbor has suffered."
Plaintiffs base their argument on the definition of "possessor in good faith" found in LSA-C.C. Art. 487. We disagree. That acticle requires the good faith possessor to possess by virtue of an act translative of title. The opening language of Art. 487 restricts that definition of good faith solely "[f]or the purposes of accession...." Art. 670 does not appear in the same title of the Civil Code as Art. 487. Accordingly, the definition of good faith found in Art. 487 is not applicable to the provisions of Art. 670.
The trial court concluded, after listening to the testimony of the various witnesses, that the defendant's encroachment on the 15 feet in dispute was in good faith. The record fully supports this finding by the trial court. The defendant testified that she had always considered that her property extended to the fence which plaintiffs erected, and she was not aware that plaintiffs had offset the fence from the boundary. Defendant had maintained her yard up to plaintiffs' fence since 1966. Defendant constructed her home several years after she had moved to the property. During construction plaintiffs never complained to defendant about the location of her new home, and they did not commence this law suit until two years after construction was completed. This case does not approach the bad faith exemplified in either Esnard v. Cangelosi, 200 La. 703, 8 So.2d 673 (1942) or Barker v. Houssiere-Latreille Oil Co., 160 La. 52, 106 So. 672 (1925). The trial court's determination that defendant acted in good faith is reasonable and well supported by the record. Accordingly, we will not disturb this factual finding, therefore, the defendant is entitled to a predial servitude.

EXTENT OF SERVITUDE
A predial servitude is a charge on a servient estate for the benefit of a dominant estate. LSA-C.C. Art. 646. Predial servitudes are either natural, legal, voluntary, or conventional. LSA-C.C. Art. 654. The legal servitude contained in LSA-C.C. Art. 670 provides a predial servitude in favor of a landowner who in good faith constructs a building that encroaches on an adjacent estate such as the case at hand. Legal servitudes are limitations on ownership established by law for the benefit of the general public or for the benefit of particular persons. LSA-C.C. Art. 659.
LSA-C.C. Art. 670 was enacted in 1978 to empower the courts with discretionary authority to grant a predial servitude to landowners who constructed a building in good faith which encroached on an adjacent estate. This authority is premises on the provision that compensation be made to the adjoining landowner burdened by the *155 servitude. Thompson v. Hemphill, 438 So.2d 1124 (La.App. 2nd Cir.1983).
In the case sub judice the defendant's home encroaches on plaintiffs' property for approximately six feet. The trial court awarded the encroaching landowner a predial servitude to allow a straight line boundary (of servitude) on a line 3 feet east of the east edge of defendant's roof from the rear of her lot south to the street.
The trial court's well reasoned opinion reflects sound reasoning in fixing the predial servitude. The trial judge stated:
"... However, defendant must be allowed enough room to maintain and repair her building and keep noxious weeds from that part of her house.
In addition, it should be self evident that plaintiff and defendant have very poor relations with each other but seem destined to be neighbors. A straight boundary dividing their respective territory would seem more likely to eventually lessen their differences, rather than the possibility of a fence with right angle turns encompassing the immediate perimeter of defendant's house as a constant reminder to the parties and their successors of the problem which now is of such vital interest to them and which needs very badly to be put to rest."
We therefore find that the predial servitude granted by the trial court under LSA-C.C. Art. 670 was not error.

COMPENSATION
In determining compensation for the predial servitude, the trial judge stated:
"Various land estimates are of record which are self explanatory. It must be remembered (and this court feels should be considered) that this is a taking of the surface in perpetuity and not a voluntary transaction, therefore normal front foot values found in area commercial transactions should not apply. It is the opinion of the court that the sum of $1500.00 would be a fair compensation for the servitude above described."
The plaintiffs contend that compensation for the value of the servitude would include the value of the house placed on the encroaching land. They reason that the amount of the servitude is 15 feet and the total width of the lot that the house is on, is 50 feet. Therefore the servitude represents one-fourth the size of the entire lot. They place a value on the house and lot of $30,000 and arrive at a value of $6,000 for the servitude. The plaintiffs cite no authority for their method in arriving at the value of the servitude. Art. 670 does not provide a method to determine compensation. The defendant urges the value of the servitude to be between $453 and $500 which was an amount fixed by two appraisers. We find that the trial judge relied on sound reasoning in arriving at a value of $1,500 for the value of the servitude. In absence of manifest error, we will not disturb the trial court's factual determinations. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The plaintiffs further contend that the trial court erred in denying damages for medical expenses and mental anguish. The trial judge as a trier of fact is in the best position to determine if damages were due the plaintiffs. In his written reasons it is obvious that the trial court was not impressed with this claim. The trial judge did not find any evidence that would support an award for personal injury against the defendant. We will not disturb the trial court's factual determinations where the record establishes that such finding is not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.