685 So.2d 450 (1996)
Ronald ATWOOD, Plaintiff-Appellant-Appellee,
v.
David Warren HYLAN, et ux, Defendants-Appellees-Appellants.
No. 28971-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1996.
*451 A. Richard Snell, for Plaintiff-Appellant-Appellee.
Kitchens, Benton, Kitchens & Warren by Paul E. Kitchens, Minden, for Defendants-Appellees-Appellants.
Before WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, Judge.
The plaintiff, Ronald Atwood, and the defendants, David W. Hylan, Sr. and Edwina B. Hylan, appeal a trial court judgment ordering plaintiff to remove a portion of his boathouse and pier and denying defendants' claims for damages. For the following reasons, we affirm in part, reverse in part and remand.

FACTS
In 1966, the Louisiana Legislature created the Claiborne Parish Watershed District ("District"). The state purchased and transferred its interests in land to the District, which was authorized to acquire other servitudes and rights of way in order to create and maintain Lake Claiborne. In 1974, Rev. David Hylan purchased a lakefront lot from his mother. An adjacent plot of land on the lake was owned by W.T. Taylor, who built a pier and boathouse, which extended into the water at an angle and crossed an "imaginary" line projecting from the land boundary *452 between the two properties. In June 1987, Ronald Atwood purchased Taylor's property. According to Hylan, he asked Atwood later that year not to extend the pier. In 1991, Atwood sold the property and later reacquired it in March 1993. Atwood rebuilt and expanded the boathouse on the original pilings, so that it crossed four and one-half feet over the extended property line. The structure and boat stalls were roughly in the same position, and at the same angle from shore, as the original. However, Atwood further extended the pier eight feet past the projected boundary line.
In June 1992, the Hylans purchased from the original subdivider a 100 square foot tract of lakebed land adjacent to and aligned with the existing property boundaries. Portions of Atwood's boathouse and pier were attached to this land. In September 1992, Hylan obtained a building permit from the Claiborne Parish Watershed Commission for Lake Claiborne ("Commission") and wrote to Atwood requesting that he terminate his construction. Hylan then complained about Atwood's structure at an October 1992 meeting of the Commission, which did not take any official action. Hylan wrote a letter to the local newspaper complaining that Atwood's structure partially blocked his view of the lake. He also contacted several state and parish agencies and the district attorney's office, but was told that they could not prevent Atwood from renovating an existing structure.
In November 1992, the Hylans built a pier upon their tract of lakebed land twelve feet from the property line. The pier extended 60 feet from the shore, parallel to the property line, but at one point is approximately four feet from Atwood's structure due to the angle of the boathouse. This close distance prevented boats above a certain size from docking in the stalls from that side. Atwood then filed a petition against David Hylan and his wife, Edwina, seeking injunctive relief, damages and recognition of a predial servitude, including a right of passage over the waters in front of the Hylans' property for the purpose of gaining access to his boat stalls. The district court denied Atwood's request for injunctive relief. The Hylans subsequently filed an answer and reconventional demand seeking to be declared owners of all portions of Atwood's structure encroaching on their land.
Hylan contended that Atwood's structure was an encroachment which had to be removed. Atwood sought removal of the Hylans' pier. After the close of evidence, the trial judge took the matter under advisement and the parties submitted post-trial briefs. The trial court rendered judgment in favor of the Hylans and ordered Atwood to remove that portion of his pier located west of a perpendicular line drawn by the court, on property owned by the Hylans. The trial judge denied the Hylans' claims for damages. Atwood filed a motion for new trial requesting that the judgment be amended to reflect the judge's written opinion requiring Atwood to remove only that portion of his pier lying west of the perpendicular line drawn by the court and not the property line described in the judgment. The trial judge granted the motion and amended the judgment accordingly. Atwood and the Hylans appeal.

DISCUSSION
LSA-C.C. Art. 670 Predial Servitude
Atwood argues the trial court erred in ordering the removal of a section of his encroaching boathouse and pier rather than imposing a servitude on the Hylan estate. The Hylans contend the trial court erred in failing to require Atwood to completely remove that portion of his structure located on their property.
LSA-C.C. Art. 670 provides:
When a landowner constructs in good faith a building that encroaches on an adjacent estate and the owner of that estate does not complain within a reasonable time after he knew or should have known of the encroachment, or in any event complains only after the construction is substantially completed the court may allow the building to remain. The owner of the building acquires a predial servitude on the land occupied by the building upon payment of compensation for the value of the servitude taken and for any other damage that the neighbor has suffered.
*453 In the absence of manifest error, we will not disturb the trial court's determination of good faith by a landowner. Winingder v. Balmer, 93-0874 (La.App. 4th Cir. 2/11/94), 632 So.2d 408. Atwood testified that he had rebuilt an existing boathouse and pier that had been used by the prior owner and was not aware that his structure crossed over the Hylans' extended property line. After listening to the testimony of the witnesses, the trial court concluded that Atwood's encroachment was in good faith. This finding is not clearly wrong.
In addition, the evidence shows that the encroachment by the Atwood structure predates the Hylans' acquisition of the lake bottom land. David Hylan testified that he purchased the property with knowledge of the encroaching structure. Hylan first specifically requested that Atwood terminate his construction in a September 1992 letter, at a point when the boathouse and pier were substantially complete. Thus, the facts contained in the record support the need to establish a servitude.
A predial servitude is a charge on the servient estate for the benefit of a dominant estate. The two estates must belong to different owners. LSA-C.C. Art. 646. In its written reasons for judgment, the trial court did not discuss Atwood's demand for recognition of a predial servitude upon the Hylan estate, but impliedly rejected this remedy by ordering that Atwood remove a portion of his encroaching structure. The language of Article 670 gives the trial court discretionary authority to grant a predial servitude once the required elements are satisfied, with payment of compensation to the adjoining landowner whose property is burdened by the servitude. Thompson v. Hemphill, 438 So.2d 1124 (La.App. 2d Cir.1983). As stated previously, the record supports the conclusion that Atwood's encroachment was in good faith and that the Hylans failed to complain until the structure was substantially complete. Under these circumstances, we conclude that the trial court's refusal to grant a predial servitude constitutes an abuse of discretion. Antis v. Miller, 524 So.2d 71 (La.App. 3rd Cir.), writ denied, 531 So.2d 271 (La.1988).
Therefore, we amend the judgment to grant Atwood a predial servitude on the land occupied by his encroaching boathouse and pier. In addition, this servitude shall include an area of four feet extending around the perimeter of the entire Atwood structure to allow access for repair and maintenance. The Hylans remain in possession of this property and are its owners, subject to the servitudes in favor of Atwood and the state. Atwood will acquire a predial servitude upon payment of compensation for its value to the Hylans.
Based on this record, we are unable to determine the value of the servitude. Consequently, we remand this matter to the trial court for an evidentiary hearing for the purpose of awarding the Hylans a reasonable amount of compensation.
Liability under LSA-C.C. Art. 667 & 668
Atwood contends the trial court erred in allowing the Hylans to maintain a pier in a location that interferes with the use of his property. LSA-C.C. Art. 667 provides that although an owner may do with his estate whatever he pleases, he cannot make any work thereon which may deprive his neighbor of the liberty of enjoying his own estate, or which may cause him damage. Although one is not at liberty to perform work by which his neighbor's buildings may be damaged, every owner is free to do on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor. LSA-C.C. Art. 668.
In support of his contention, Atwood cites Winingder v. Balmer, 93-0874 (La.App. 4th Cir. 2/11/94), 632 So.2d 408, in which a landowner built a fence on his property that came within several inches of the Winingder home. The court found that the fence caused physical damage to their home and deprived the Winingders of the enjoyment of their property. The present situation can be distinguished in that the Hylans' pier did not cause any damage to Atwood's structure and does not prevent access for maintenance of the boathouse.
The trial judge found that the Hylan pier does not infringe any other lot's use of the water frontage and this finding is supported by the record. Any inconvenience caused by *454 the Hylan pier in restricting Atwood's ability to enter a boat stall from a particular side of the structure, particularly when an alternative is available, does not interfere with the reasonable use of his estate. After reviewing the record, we cannot say the trial court was clearly wrong in allowing the Hylans to maintain the pier on their own tract of lakebed land. This argument lacks merit.
Atwood also argues that he has acquired a servitude of passage over certain lake waters necessary for his boats to gain access to a particular stall. The owner of an estate that does not have access to a public road or waterway may claim a right of passage over neighboring property to the nearest public pathway. LSA-C.C. Art. 689.
At trial, the president of the Commission stated that Lake Claiborne was dedicated to public use. Here, Atwood's estate is not blocked from access to the public lakefront. Thus, the statute creating the right of passage is not applicable under the facts and circumstances of this case. This argument is meritless.

Damages
The Hylans argue the trial court erred in refusing to award damages for travel expenses and emotional distress, and in denying attorney fees. Damages for mental anguish may be awarded to persons whose property was damaged by intentional or illegal acts, by acts giving rise to strict liability, by acts amounting to a continuing nuisance, or where the property owner was present at the time or shortly after the damage was negligently inflicted and suffered a psychic trauma similar to a physical injury as a direct result of the accident. Simmons v. Board of Com'rs of Bossier Levee Dist., 624 So.2d 935 (La.App. 2d Cir.1993); Farr v. Johnson, 308 So.2d 884 (La.App. 2d Cir. 1975).
Here, the Hylans failed to prove that any such property damage occurred. Although David Hylan testified that he experienced frustration and tension as a result of the property dispute, he did not present any evidence that he suffered a psychic trauma requiring medical treatment. Consequently, the Hylans are not entitled to recover for mental anguish or emotional distress.
The trial court has discretion to decide whether to award reasonable attorney fees. Salsbury v. Salsbury, 27,062 (La.App.2d Cir. 6/21/95), 658 So.2d 734. After reviewing the record, we cannot say the trial court abused its discretion in refusing to award damages and attorney fees to the Hylans. This assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, that part of the judgment denying Atwood's demand for removal of the Hylan pier, and denying the Hylans' claims for damages and attorney fees is affirmed. That part of the judgment ordering Atwood to remove a portion of his pier and boathouse is reversed. We hereby amend the judgment to grant Atwood a predial servitude on the land occupied by his boathouse and pier. In addition, this servitude shall include an area of four feet extending around the perimeter of the entire Atwood structure to allow access for repair and maintenance. Further, this matter is remanded to the trial court for a determination of the value of the servitude. Costs of this appeal are assessed one-half to appellant, Ronald Atwood, and one-half to appellants, David and Edwina Hylan.
AFFIRMED IN PART; AMENDED IN PART; REVERSED IN PART AND REMANDED.
STEWART, J., concurs.