COOKS, J.,
dissents.
| ¾ Rhett Hayes (Rhett) and his wife Chantelle Hayes (Chantelle) acquired ownership of Lot 14 of Oren Lamartiniere Subdivision in Avoyelles Parish from Chantelle’s mother, Diane McNeal Borde-lon, (Bordelon) in 2003. The couple moved a mobile home onto the Lot and wished to construct a covered carport attached to the mobile home. Lot 14 did not have enough space to build the carport so Bordelon gave oral permission to Rhett and Chan-telle to use part of Lot 13 owned by her to construct the carport and driveway. The couple enjoyed use of this portion of Lot 13 for quite some time but there was never any transfer of ownership of Lot 13 on paper and no written agreement of any kind between Rhett, Chantelle, and Borde-lon. In March 2010, Bordelon conveyed Lot 13 by dation en paiement to Union Bank in exchange for forgiveness of her mortgage obligation secured by the property. Union Bank then sold the property to Brittany Gunn (Gunn). Before selling the property to Gunn a representative of the bank told her about the encroaching carport and driveway on Lot 13. Gunn physically inspected Lot 13 before purchasing the property.
Rhett and Chantelle were notified by letter dated June 28, 2010, that Bordelon demanded removal of the portion of the carport encroaching on Lot 13 and they voluntarily cease using the portion of the driveway located on Lot 13. Rhett and Chantelle refused the demand to remove the carport and filed suit against |2Gunn. Gunn reconvened seeking a judgment recognizing her as owner and possessor of all of Lot 13. Bordelon also sought a court order directed to Rhett and Chantelle to cease using her property for access to Eddbend Road and to remove the encroaching portion of the carport from Lot 13. The trial court rendered judgment in favor of Bordelon, rejecting Rhett and Chantelle’s claims. Rhett appeals the trial court’s judgment.
*1149 The majority affirms the trial court judgment finding the provisions of La.Civ. Code art 670 do not apply to the facts of this case. I disagree. I believe the trial court erred as a matter of law in failing to apply the provisions of La.Civ.Code art. 670. In Bushnell v. Artis, 83-452 (La.App. 3 Cir. 2/1/84), 445 So.2d 152, this court expressly rejected the notion that the possessor in good faith contemplated by Article 670 must be one possessing by virtue of an act translative of ownership as defined in La.Civ.Code. art. 487. Id. at 154. This court held that the provision of Article 487 is expressly restricted to the articles on accession. Id. at 154. The majority relies on the fact that Rhett and Chantelle were always aware they had no title to Lot 13 and no right to possession other than Bordelon’s oral permission. This, the majority says, does not meet the “good faith” standard articulated in article 670.
The cases cited by the majority do not support its position; in fact they support the contrary. There is no good faith bright line test solely dependent on an act translative of title when applying Article 670. As noted in Bushnell, we have rejected this exact requirement found only in Article 487. Id. at 154. Good faith as contemplated by Article 670 means “good faith in fact.” It means what it says. The ordinary meaning of good faith as defined in Webster’s Dictionary is “honesty” or “lawfulness of purpose.” At the time Rhett and Chantelle constructed the carport they “honestly” acted with the express permission of the owner and their decision to act was not illegal.
|3The majority also finds Gunn is not bound by any oral promise made by Bor-delon. That may be, but such is not relevant in resolving this dispute. The majority finds Gunn is protected under the provisions of La.Civ.Code art. 3338, which provide that a third-party purchaser is not bound by any unrecorded claims affecting the purchased property even if the third-party has actual knowledge of the claim. This finding ignores the applicability of Article 670 which clearly protects Rhett and Chantelle who, at all times, acted in good faith with the express permission of the owner, Bordelon. Rhett and Chantelle are exactly the type of landowners who, in good faith, construct a building that encroaches on the neighboring land to which no objection is timely made. Not only was no objection made to Rhett and Chantelle’s construction, they were given express permission by the owner making them actors in good faith. Certainly it cannot be said they acted in any bad faith.
The majority also examines the applicability of the accession articles in the Civil Code and finds they offer Rhett no relief. I agree with that assessment. To be a possessor in good faith under article 487 one must possess by an act translative of ownership and not know of any defects in his ownership. Be that as it may, it is Article 670 which affords Rhett and Chan-telle a predial servitude protecting them as actors in good faith who not only met with no timely objection from the neighboring landowner, but had her express permission initially and continuing until she relinquished ownership.
The majority also finds no abuse of the trial court’s much discretion in finding Gunn entitled to damages. Because the trial court committed legal error in failing to apply Article 670 the case must be remanded. If the trial court in applying Article 670 grants a predial | ¿servitude to Rhett and Chantelle the Code then directs the trial court to award “payment of compensation for the value of the servitude taken and for any other damages that the *1150 neighbor has suffered.” See LA.Civ.Code art. 670.
I further note Gunn was well-informed about the encroachment before purchasing the property and purchased it with full knowledge of its existence. Perhaps that fact may figure in the trial court’s discretionary assessment of appropriate compensation and/or damages. It may be the price Gunn actually paid for the property factored in the obvious encroachment the Bank warned of prior to the sale. The trial judge is free to award damages in the amount necessary to compensate her, even for the full value of the property, should he decide that the property is wholly unusable for the purposes for which she intended when purchased. The court simply did not reach the damage issue because it legally erred in finding Article 670 required that Rhett and Chantelle have an act translative of title to be judged as possessor’s in good faith.
For the reasons stated I respectfully dissent.