288 So.2d 321 (1974)
Dan WASHINGTON
v.
ST. CHARLES PARISH SCHOOL BOARD.
No. 53524.
Supreme Court of Louisiana.
January 14, 1974.
*322 Melvin P. Barre, Dist. Atty., Norman J. Pitre, Asst. Dist. Atty., for defendant-applicant.
John F. Ward, Jr., of Glusman, Ward, Moore & Lopez, Baton Rouge, for amicus curiae.
Murphy W. Bell, Baton Rouge, for plaintiff-respondent.
SANDERS, Chief Justice.
Dan Washington, a teacher, brought this action against his employer, the St. Charles Parish School Board, seeking to recover some $8,100.00 allegedly due him as additional compensation pursuant to the provisions of LSA-R.S. 17:423. At the time this suit was filed, that statute provided that ". . . any person who shall have served in the armed forces of the United States during World War II or the Korean conflict shall receive credit under the minimum salary schedule provided for in R.S. 17:419-422 for the period that he served in the armed forces of the United States, to become effective in the fiscal year 1957-1958."
Two opinions of the Attorney General interpreting this statute were rendered in 1957, the first year of the statute's operation. Each advised that the word "person", as used in this Act, applied only to persons already serving as teachers at the time military service began, in other words, only to teachers whose tenure was interrupted by military service. This interpretation of the statute has been followed administratively since the opinions were given, a period of 15 years.
Notwithstanding contemporary construction, both lower courts extended the benefits of the act to the plaintiff, who completed his education and began service as a teacher four years after his military service terminated. In reaching this decision, the Court of Appeal took the phrase "any person" in its literal sense. See 274 So.2d 909 (1973). We granted writs to consider this interpretation of the statute and pleas of laches and prescription first raised at the appellate level. La., 278 So.2d 509. We now reverse.
The operative facts are clear. The parties stipulated that the plaintiff enlisted in the United States Air Force in 1952 and served 4 years until 1956, at which time he *323 was honorably discharged. After his discharge, plaintiff attended Southern University and received a Bachelor of Science degree in August, 1960. In September of 1960, the St. Charles Parish School Board, defendant herein, employed him as a teacher, fixing his salary under the minimum salary schedule as a beginning teacher.
The complete text of the statute as it then read is as follows:
"Anything in this Part to the contrary notwithstanding, any person who shall have served in the armed forces of the United States during World War II or the Korean conflict shall receive credit under the minimum salary schedule provided for in R.S. 17:419-422 for the period that he served in the armed forces of the United States, to become effective in the fiscal year 1957-1958."
It is true that the bare language of this Act places no limitations of any kind upon the term "person." It is also true that the Act is a part of Chapter 2 of Title 17 of the Revised Statutes, which is entitled "Teachers and Employees." In the Chapter, the words "person" and "teacher" are sometimes used indiscriminately. See, for example, Section 413 which provides that no "person shall be appointed to teach without a written contract. . . . Every teacher shall hold a certificate. . ." With reference to the statute at hand, the title of the Act provides:
"To amend Title 17 of the Louisiana Revised Statutes of 1950 by adding thereto a new section to be designated as R.S. 17:423 relative to credit under the minimum salary schedule for teachers who served in the armed forces of the United States." (Italics ours).
Within the context of this ambiguity, the responsibility of the courts is the implementation of legislative intent. As we held in In Re Hibernia Bank & Trust Co., 185 La. 448, 169 So. 464 (1936), (quoting with approval the written reasons of the trial judge):
". . . [N]o matter how broad and comprehensive may be the language employed by the statute, if it was not the intention of the Legislature to cover a particular case by that broad and comprehensive language, that then no effect should be given to it because the Legislature did not so intend. . . . But even if the language of the act is as broad as opponents contend, it is then the duty of the court to restrain its operation within narrower limits than its words import, if the Court is satisfied that their literal meaning would extend to cases which the legislature never intended to include. . . ."
In cases such as this, moreover, settled administrative practice may serve as a fair index of legislative intent. This is, of course, the doctrine of contemporaneous construction, a doctrine approved by this Court in Dominion Land Co. v. Stark, 156 La. 124, 100 So. 244 (1924), in which we held:
"There is little if any question as to the weight to be given to the interpretation of a law, adopted by the executive and legislative branches of the government, especially when such interpretation is contemporaneous and has been followed for many years.
"In the case of State ex rel. Payne, Tax Collector v. Exchange Bank of Natchitoches, 147 La. 26, 84 So. 481, where the decision was written by our present Chief Justice, C. A. O'Niell, the following appears in the syllabus:
'Though an interpretation of a law by other departments of the government does not control the judicial department, especially where the correctness of such interpretation is the subject of investigation, nevertheless when officers specially charged with the observance and enforcement of a particular law have for a long time determined its meaning and acted accordingly, their interpretation is entitled to great weight.'

*324 "In State ex rel. Guillot v. Central Bank & Trust Co. (In re Central Bank & Trust Co.), 143 La. 1053, 79 So. 857, we said, quoting from Sutherland on Statutory Construction, par. 309:
'The practical construction given to a doubtful statute by the public officers of the state, and acted upon by the people thereof, is to be considered; it is perhaps decisive in case of doubt. This is similar in effect to a course of judicial decisions. The Legislature is presumed to be cognizant of such construction, and after long continuance, without any legislation evincing its dissent, courts will consider themselves warranted in adopting that construction.'" (Italics ours).
See also Delta Life Ins. Co. v. Martin, La.App., 59 So.2d 465 (1952).
Subsequent related acts of a legislature may also, in limited circumstances, provide a guide to its intent. See Tennessee Gas Transmission Co. v. Violet Trapping Co., 248 La. 49, 176 So.2d 425 (1965). Here, in the first Regular Session following the decision of the Court below, the Legislature by Act No. 585 of 1972 added the following paragraph to LSA-R.S. 17:423:
"The term `person,' as used in this section, shall mean and include only a person who was a regularly employed teacher, as that term is defined in R.S. 17:441, by a school system of this state prior to the time of induction for service in World War II or the Korean conflict."
The stated purpose of the amendment, as given in its preamble, was to ". . . clarify the meaning and intent of such credit; . . . ."
Applying the several guides to statutory interpretation, we conclude that the intent of the Legislature was to extend the benefits of the statute to teachers in service at the time of entry into the armed forces. In our opinion, the legislation was designed to avoid a salary penalty for teachers whose tenure was interrupted by military service. We so construe the statute.
Accordingly, we hold that plaintiff, who completed his education and began teaching after his military service, is not entitled to the benefits of the statute. This holding makes a consideration of the pleas of laches and prescription unnecessary.
For the reasons assigned, the judgment of the Court of Appeal is reversed, the demand of plaintiff is rejected, and this suit is dismissed at plaintiff's costs.