349 So.2d 469 (1977)
Larry YOUNG, Plaintiff and Appellee,
v.
ALLEN PARISH SCHOOL BOARD, Defendant and Appellant.
No. 5919.
Court of Appeal of Louisiana, Third Circuit.
August 16, 1977.
*470 Ryder & Deshotels, by Errol D. Deshotels, Oberlin, for defendant and appellant.
D. Michael Mooney, Lake Charles, for plaintiff and appellee.
Before HOOD, CULPEPPER, WATSON, FORET and STOKER, JJ.
STOKER, Judge.
This is one of several companion cases consolidated for trial in the trial court and for appeal here. We are rendering judgment in the companion cases on this date.[1]
Plaintiff-appellee, Larry Young, and the plaintiffs in the companion suits were teachers in the public schools as employees of the Allen Parish School Board. They were employed for years prior to the school year 1975-76 and also for the year 1975-76. The issues in each suit are the same. Plaintiffs contend that their suits are actions in contract for the recovery of salary in amounts greater than they were paid in the school year 1975-76.
The issue in each case is whether the teachers should be given credit in the computation of their salaries for military service. The trial court gave judgment for the plaintiff-teachers and the school board has appealed.
R.S. 17:423 provides in part as follows:
§ 423: Persons entering military service; right to prior service credit

. . . any person who shall have served on active duty in the armed forces of the United States during World War II or the Korean or Viet Nam conflicts shall receive credit under the minimum salary schedule provided for in R.S. 17:419-422 for the period that he served in the armed forces of the United States.
The term "person", as used in this Section, shall mean and include only a person who was a regularly employed teacher, as that term is defined in R.S. 17:441, by a school system of this state prior to the time of induction for service in World War II or the Korean or Viet Nam conflicts. (Emphasis ours)
This statute was construed in Washington v. St. Charles Parish School Board, 288 So.2d 321 (La.Sup.Ct.1974). The case held that the credit was to be applied only in situations where a person's teaching career was interrupted and no credit would be given where the service preceded the teaching career. Prior to the school year 1975-76 the Allen Parish School Board paid Larry Young a salary based on the schedule but giving him credit for his military time. Inasmuch as he began his teaching career after his military service, his pay was incorrectly computed for the years prior to 1975-76. The amount improperly paid is not in dispute. The dispute arises out of the fact *471 that, after signing an agreement with the defendant school board to teach during the school year 1975-76, the Superintendent of Schools for the parish notified Larry Young that his pay for the oncoming 1975-76 session would not reflect his military service as it was not in accordance with the statute quoted above. Each of the other plaintiffs was given the same notification. Larry Young taught nevertheless, as did the plaintiffs in the companion suits, and was paid at a lesser salary. His suit is for the difference he would have been paid had he been paid at a rate which reflected his military time.
The position taken by Larry Young in this suit is that the statutory provision is immaterial in this dispute with the school board because the school board was, nevertheless, bound by contract to pay him according to a schedule that reflected the military time because that was the intention of the parties at the time the contract was entered into.
The fact of the matter is that the contract did not make any reference to salary at all. Salary was the one element of the contract which was not spelled out. The contention of Larry Young is that his contract was a contract of rehiring and that it was not necessary to make reference to salary because it was understood and intended that it would be on the basis of the existent salary schedule but with credit for military service included because it had been included in previous years.
The defendant-appellant school board takes the position that it is prohibited from paying Larry Young a salary which gives him credit for his military time. The questions to be determined are (1) was there a contract for payment of the salary at the higher pay sought and (2) does the state statute control in such a manner, that if the school board did contract to pay at the higher scale, the statute would render the contract nugatory.

WAS THERE A SALARY AGREED UPON IN THE CONTRACT?
The evidence in the consolidated cases was largely stipulated and the only testimony was given by the Superintendent of Schools, Dr. Albert Kennard. The employment contracts in three cases consisted of a form letter from Dr. Kennard to the teacher and a signed acceptance. In the case of Larry Young the letter read as follows:

ALLEN PARISH SCHOOL BOARD

P.O. DRAWER C

OBERLIN, LOUISIANA 70655

STATE OF LOUISIANA

PARISH OF ALLEN
Based on the evidence submitted by Larry Young he holds Certificate No. 25.343 type (he or she)
B issued by the Louisiana State Department of Education, he is hereby appointed to teach Social Studies
P.E., Asst. Prin. in the Reeves High School for the 1975-76 session of nine (9) months.
Indicate below whether you accept or reject his appointment.
 S/ Albert L. Kennard
 Superintendent
I hereby accept the appointment above.
May 16,1975 S/ Larry K. Young
 Teacher's Signature
As indicated above the letter was a form letter with appropriate blanks provided in which the information pertinent to Larry Young was typed. Mr. Young wrote in the word "accept" in a blank space left for the indication of acceptance or rejection of the appointment and signed it. It will be noted that the form as completed in the case of Larry Young made no mention of a specific salary to be paid. Plaintiffs Carlos Land and Robert Cronan, were also sent a form letter of this type and each accepted employment. The contract with Charles Nevils was in a different form.
Why Larry Young and the other plaintiffs were improperly paid is not explained and was no doubt inadvertent. Dr. Kennard became Superintendent in Allen Parish on July 1, 1973. In July, 1975, Dr. Kennard employed a teacher who was the first teacher he had hired who claimed military service. Dr. Kennard checked the law and determined that the newly hired teacher was not eligible for military credit because the service time antedated the teaching service. Dr. Kennard's bookkeeper then *472 informed him that there were several other teachers who had been teaching and receiving the credit although their military service did not interrupt their teaching service. Larry Young and his companion plaintiffs were teachers in this category. It was then that Dr. Kennard wrote the plaintiffs to explain the situation and advise that no military credit would be given them in computing their 1975-76 salary.
In the case of Larry Young the latter portion of the letter, dated August 8, 1975, reads as follows:
The State Department of Education has agreed that there will be no possibility of our having to return the money which has previously been collected in violation of the statute in question; however, we may no longer report this military experience for credit.
According to our records, your salary last year, including credit for military service, was $9,821.00. This coming year your salary will be based upon the following:

Bachelor's degree 
4 years' experience
Your yearly salary for 1975-76, according to the salary schedule, will be $9,374.00. I am truly sorry to be the bearer of this news, and it is extremely unfortunate that the error was made in the past. If it is of any consolation, the fact is that for the previous years you have been paid more than your experience scheduled. Also there are nine other men in the parish who are in the same situation, and the total overpayment for the coming year would have exceeded $10,000.00. Please contact me if I can supply you any additional or clearer information about this matter.
As the quoted portion of the letter clearly shows, the Allen Parish School Board (1) had in the past given the credit for military service, although the service was prior to teaching service and (2) the Board intended to do so at the time Larry Young was offered and accepted his teaching position for 1975-76. Except for the fact that Dr. Kennard was prompted to determine the law, Larry Young and his companion plaintiffs would have been paid with credit for military service. Therefore, there was a meeting of minds on the salary element of the contract and the salary intended was that provided in the salary schedule with credit for military credit included.
COULD THE DEFENDANT SCHOOL BOARD CONTRACT TO PAY SALARIES HIGHER THAN AS PROVIDED IN THE SCHEDULE
We do not regard the provisions of RS 17:423 as a statutory provision prohibiting a school from paying teachers at a schedule which would allow credit for military service prior to embarking on a teaching career. Likewise, we do not regard the minimum salary schedule set forth in RS 17:419-422 as a prohibition against paying more than the minimum. We think it is common knowledge that the various school boards of the state do, in fact, pay according to different schedules. All the statutory minimum salary schedule does is to set a minimum which each individual school board is required to pay under law. In like manner, RS 17:423 merely requires each school board to give credit for military service which interrupted a teacher's tenure. In Washington v. St. Charles Parish School Board, supra, Chief Justice Sanders writing for the Louisiana Supreme Court said, "the legislation was designed to avoid a salary penalty for teachers whose tenure was interrupted by military service." Chief Justice Sanders noted that in 1972 the Legislature added the second paragraph of RS 17:423 to specifically provide that the term "person" as used in the statute meant a "regularly employed teacher . . . by a school system of this state prior to the time of his induction for service . . ."
Despite the wording of the 1972 amendment of R.S. 17:423 referred to above,[2] and the general interpretation of the statute given in the Washington case, we do not find anything in either which would prohibit *473 a particular school board from adopting a more liberal policy and extending credit for military service performed prior to entering a teaching career. This would be true so long as the school system bore the cost itself and did not call upon the state to contribute in any way to such an emolument.
The issues in Washington v. St. Charles Parish School Board, supra, are distinguishable from the issues here. In Washington the plaintiff was contending that the statute, RS 17:423, should be interpreted to extend military credit to all teachers regardless of when the military service was performed. The Louisiana Supreme Court rejected this interpretation as noted above. Here, however, Larry Young and his companion plaintiffs are not contesting the interpretation of the statute. Their position is that Allen Parish School Board contracted with them in the Spring of 1975 to teach in the academic year 1975-1976 to pay them salaries which would reflect credit for military service performed at anytime and irrespective of whether it interrupted a teaching career. Such a contract would not be violative of RS 17:423 and would not be contrary to Washington v. St. Charles Parish School Board. We agree that the Allen Parish School Board was free to contract as it did with Larry Young and the teachers in the companion actions. The suits are contract actions and not actions for a reinterpretation of RS 17:423.[3]
The defendant-appellant school board vigorously argues that to pay the plaintiff-appellees on the basis their contracts "would constitute a fraudulent claim by the Allen Parish School Board and possibly subject its superintendent to charges of criminal malfeasance." We are not suggesting that any claims, presumably from the State, be made. In fact, the letter sent by Superintendent Kennard to Larry Young on August 8, 1975, carries the implication that the matter of prior claims had been candidly reported to the State authorities as he states: "The State Department of Education has agreed that there will be no possibility of our having to return the money which has previously been collected in violation of the statute in question; however, we may no longer report this military experience for credit." (Emphasis added.) The emphasized portion of the language is a clear statement of policy that defendant-appellant school board will not claim credit from the state. We see no possibility of illegal or criminal action by the board or superintendent if the board itself shoulders the entire cost of the extra pay. We would assume that from and after the circulation of the letters to several teachers, including Larry Young, that the policy of the Allen Parish School Board was thenceforth publicly changed and no contracts made for years following the 1975-76 school year would be made except on terms clearly evincing the change in policy. The suits in question here are for specific performance of contracts of employment for the year 1975-76, not as noted, for a reinterpretation of R.S. 17:423, and only salaries for the four plaintiffs for the one year are in question.
In brief on behalf of the defendant-appellant school board it is urged that "we do contend and feel that the portion of the contract requiring the State of Louisiana to pay military tenure time is null." We fail to see how the contracts require the State to pay the extra salaries due. This will be the obligation of the school board alone.
Defendant-appellant school board further urges that the intent of the parties in their contract was that the plaintiff-teachers be paid whatever was provided by state statutory law. We are of the view that the parties intended by their contracts to pay in accordance with previous policy. Having been given the military credit in the past, Larry Young, as well as his companion plaintiffs, could expect that his reemployment offer was extended to him on the *474 same basis and we have no doubt that it was. Superintendent Kennard's letter of August 8, 1975, makes that quite clear.
It is also urged on behalf of defendant-appellant that it and the teachers were laboring under an error of fact when they contracted. The error, it is said, was as to the salary to be paid. Therefore, it is contended that under Article 1823 of the Louisiana Civil Code, the error was as to the subject matter of the contract and the error vitiated the contract.[4] The parties may have contracted in error as to what the statutory authority required, but as has been shown, payment over and beyond what is required is not prohibited. We presume that the parties dealt at arms length and the policy of paying beyond what was required appears to have been in force for some time. Moreover there is no proof that the parties contracted in error of fact or law. Conceivably, at some time in the past, prior to the time Dr. Kennard became Superintendent in 1973, the defendant board may well have adopted a considered policy of paying for military time whenever served. In any event, we are not convinced that an error of fact such as would vitiate the contract is involved.

JUDGMENT
We conclude that the trial court correctly decided these companion cases in favor of the plaintiff school teachers. The single judgment was signed on July 30, 1976, in favor of the plaintiffs. In part it read:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of plaintiff, Larry Young, and against defendant the Allen Parish School Board ordering the Allen Parish School Board to pay unto Larry Young the salary of Ten Thousand Eight Hundred Eighty-Four ($10,884.00) and No/100 Dollars for the 1975-76 school term together with legal interest from the date of judicial demand;
* * * * * *
IT IS STILL FURTHER ORDERED, ADJUDGED AND DECREED that all costs of these proceedings be assessed against defendant, the Allen Parish School Board.
It was stipulated (Tr. 40) that Mr. Young's total salary with military credit, parish supplement and pay as assistant principal would total $10,884.00 for the period in question. No stipulation or evidence established what salary he actually received. According to answers to a request for admission of facts dated December 30, 1975, the Allen Parish School Board stated (which is its contention) "that under the terms of his employment agreement and state law his salary would be $10,552.00 a year, which has been paid to him since his employment began in September, 1975." If $10,552.00 was actually paid to him, then the difference owed is $292.00. The judgment should be recast to award $10,884.00 subject to a credit for such amounts as has been paid together with interest from date of judicial demand on the net amount due and costs. As the judgment stands, it orders the defendant to pay Larry Young $10,884.00 for the 1975-76 school term together with legal interest from the date of judicial demand. In this form it may lead to some uncertainty inasmuch as the amount actually paid is not established in evidence and the interest should be paid on the specific difference due rather than $10,884.00.
For the reasons assigned we affirm the judgment of the trial court insofar as it renders judgment in favor of plaintiff-appellee, Larry Young, against defendant-appellant, *475 Allen Parish School Board. We amend the trial court judgment with respect to the award. Accordingly, it is ordered, adjudged and decreed that there be judgment herein in favor of plaintiff, Larry Young, and against the Allen Parish School Board in the full sum of Ten Thousand Eight Hundred Eighty-four ($10,884.00) and No/100 Dollars subject to a credit for all sums paid Larry Young, as a salary by defendant during the 1975-76 school term for Allen Parish, together with legal interest from date of judicial demand on the net amount due under this judgment, all costs of these proceedings in the trial court to be assessed against defendant Allen Parish School Board, insofar as defendant may be legally cast for such costs.
All costs of this appeal are assessed to defendant-appellant insofar as it may be legally cast for such costs.
AMENDED AND AFFIRMED AS AMENDED.
CULPEPPER, J., dissents and assigns written reasons.
HOOD, J., dissents for the reasons assigned by CULPEPPER, J.
CULPEPPER, Judge, dissenting.
I respectfully dissent from this and the companion cases listed in the majority opinion. Since the amount of the salary was not expressly stated in the written contract for 1975-1976, the salary must be determined according to the intent of the parties. It is my view that both the Allen Parish School Board, represented by Superintendent Kennard, and these four teachers in question intended that the salary be the minimum amount fixed by the state schedule, plus the supplement paid by Allen Parish to all teachers under its schedule. It was clearly not intended by Dr. Kennard nor by any of the four teachers that they would receive extra compensation over and above the minimum provided by the regular state and parish schedules.
It may be that at the time they entered into the 1975-1976 contract, both Dr. Kennard and these four teachers thought that credit should be given for military service, as it had been for several years. However, they were in error as to this fact, as is clear from the case of Washington v. St. Charles Parish School Board, 288 So.2d 321 (La.S.Ct. 1974). This was a mutual error of fact on the part of both the School Board and the teachers. Nevertheless, despite this mutual error of fact, it was the intention of both parties that the teachers receive only the minimum pay provided by the state and parish schedules. There is no evidence to support the contention that it was the intention of either the School Board or the teachers that they would receive any extra amount in excess of that paid to all other teachers under the schedules.
For the reasons assigned, I respectfully dissent.
NOTES
[1] See Charles Nevils v. Allen Parish School Board, 349 So.2d 475; Carlos Land v. Allen Parish School Board, 349 So.2d 476, and R. Cronan v. Allen Parish School Board, 349 So.2d 477.
[2] Act No. 585 of 1972 of the Louisiana Legislature.
[3] We note that Act No. 148 of 1976 of the Louisiana Legislature made certain adjustments in the application of R.S. 17:423 with respect to persons who were being granted military credit by a parish or city school system prior to the effective date of Act No. 585 of 1972.
[4] Articles 1821 and 1823 of the Louisiana Civil Code provide as follows:

Art. 1821. That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none.
Art. 1823. Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself.