616 So.2d 855 (1993)
ACADIA HOLINESS ASSOCIATION, et al., Plaintiff-Appellant,
v.
IMC CORPORATION, et al., Defendant-Appellee.
No. 92-639.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
Writ Denied June 25, 1993.
*856 Homer Edward Barousse Jr., Kim Reginald Hayes, Crowley, for Acadia Holiness Ass'n.
Patrick S. Ottinger, Lafayette, for Wintershall.
William Howard Collier, Lafayette, for Imcera Group and IMC Exploration.
Before GUIDRY, KNOLL and WOODARD, JJ.
WOODARD, Judge.
The issue is prescription. It turns on the classification of plaintiffs' claims for damages. If the claims arise from a breach of contract, a ten year prescriptive period applies. If the claim is due to an underpayment of royalties, a three (3) year prescriptive period applies.
The district court granted defendants' Motion for Partial Summary Judgment based on a finding that plaintiffs' claims were for recovery of royalties. It dismissed, with prejudice, all claims for royalties that arose prior to September 14, 1985. The trial court noted that this ruling in no way affected plaintiffs' claim for cancellation of the lease.
It is from this ruling that plaintiffs timely appeal.
The facts of this case are not in dispute. The plaintiffs are landowners and lessors of various oil, gas and mineral leases, covering lands located in the Perry Point Field, Vermilion, Acadia, and Lafayette Parishes, Louisiana. In 1976, IMC Exploration Company (IMC) acquired these leases from a third party and continued to drill, produce, and operate wells in the Perry Point Field. In June 1986, IMC sold these interests to Wintershall Corporation. IMC and Wintershall are both named defendants in this suit.
After a demand letter was sent to Defendants on February 10, 1987, plaintiffs filed suit on February 27, 1987 against defendants, in three different parishes, seeking lease cancellation and an accounting of royalties, payment due, and damages. Defendants filed exceptions. A second demand letter was sent on July 18, 1988, seeking additional royalties. On September 14, 1988, plaintiffs amended their petition adding a claim for double the amount of royalties due under La.R.S. 31:140.
On January 17, 1990, the parties entered into a stipulation whereby the parties agreed that (1) the suits would be consolidated; (2) defendants would dismiss exceptions; (3) defendants would file an answer by a specified date; and (4) all claims based on underpayment of royalties on oil, gas and other minerals produced prior to September 1985, have prescribed. Plaintiffs reserved all other rights, claims and causes of actions including their claim for damages for breach of contract.

LAW
Plaintiffs contend that the district court erred in granting a Motion for Summary Judgment and in characterizing plaintiffs' claims subject to a three year prescriptive period, ignoring equitable principles of a prudent administrator, set out by the Louisiana Supreme Court in Frey v. Amoco Production Company, 943 F.2d 578 (5th Cir.1991).
On the other hand, defendants argue that plaintiffs are trying to circumvent the three year prescriptive period of La.C.C. Art. 3494 by characterizing their claims as a breach of contract, subject to a ten year prescriptive period under La.C.C. Art. 3499, when actually plaintiffs' claims are to recover underpayment of royalties.
In order to determine whether plaintiffs' claims are for royalties or breach of contract, we must look to the pleadings filed by plaintiffs, as did the trial court, to determine which prescriptive period is applicable. Duer & Taylor v. Blanchard, Walker, etc., 354 So.2d 192 (La.1978).
In its reasons for judgment the trial court tracked the language of plaintiffs' pleadings, noting the claims alleged by plaintiffs, and concluded:
"The only allegation in the petition referencing a specific contractual provision that was breached is found in paragraph 5 which refers to paragraph 7, the royalty provision, of the leases. In 5 of the 7 *857 standard lease forms executed by the plaintiffs, the language states: `Subject to the provisions of Paragraphs 2 and 10 hereof the royalties to be paid the lessee are ...' Based on this language, it appears clear to this court that any suit for breach of that provision of the contract is a suit for underpayment of royalties." We agree with the trial court and its ruling.
In reviewing the record of the instant case, we find that plaintiffs styled their petition as lease cancellation and an accounting of royalties, payment due, and damages. They prayed for a money judgment relative to the listed causes of action. In plaintiffs amended petition they "reiterated all of the allegations and prayers in the original petition" and, in the alternative, asked for double the amount of royalties due under La.R.S. 31:140. We therefore, find this to be a claim based on the recovery for underpayment of royalties subject to a three (3) year prescriptive period.
In Parker v. Ohio Oil Company, 191 La. 896, 186 So. 604 (1939), a mineral lessor filed suit against his mineral lessee for recovery of royalties. The plaintiffs attempted to circumvent the three (3) year prescriptive period applicable to actions for the recovery of royalties by designating their suit as a personal action "for an accounting of money had and received". Plaintiffs argued that because the suit was a personal action, a ten (10) year prescriptive period under Civil Code Article 3544 (now art. 3499) applied. The Louisiana Supreme Court found that, despite plaintiffs' designation, the suit was one for the recovery of royalties, subject to the prescription of three (3) years. In reaching this conclusion, the court stated:
The plaintiffs are not entitled to the benefit of the ten-year prescriptive period as provided by Article 3544 of the Civil Code merely because they have demanded that defendant furnish a statement showing the amount of oil produced and its value. They cannot be permitted to reap the benefits of the longer prescriptive period merely by calling their suit one for an accounting.
Breaux v. Pan American Petroleum Corporation, 163 So.2d 406 (La.App. 3rd Cir.1964), enlightens us regarding the breach of an implied obligation similar to that claimed in the case, sub judice. In Breaux, a landowner brought an action against his oil and gas lessees for damages allegedly sustained as a result of breach of an implied obligation to protect the owner from drainage of oil and gas to adjacent property. In discussing the measure of damages which the lessor sustained because of the breach this court stated: "... the measure of damages which the lessor sustains because of a breach by the lessee of this implied obligation is the value of the minerals or royalties which the lessor would have received had the lessee complied with his obligation under the lease."
Therefore, it appears from the jurisprudence that a claim by a mineral lessor against his lessee for breach of an implied obligation of this type, under the lease, is a royalty claim. Breaux, supra; and Williams v. Humble Oil & Refining Company, 290 F.Supp. 408 (E.D.La.1968); writ denied, 402 U.S. 934, 91 S.Ct. 1526, 28 L.Ed.2d 868 (1971).
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to plaintiffs.
AFFIRMED.