WOODARD, Judge.
In this consolidated case, plaintiffs, Sylvia Grabert and Melvin Small, sued their employer, the defendant, Iberia Parish School Board, seeking a declaratory judgment regarding the interpretation of their employment contract as well as past wages due. The trial court granted defendant’s Motion for Partial Summary Judgment based on prescription and plaintiffs appeal.
FACTS
Plaintiff, Sylvia Grabert (Grabert), was hired by the defendant, the Iberia Parish School Board (the Board), in January of 1970. She was appointed by the Board to the position of acting school lunch supervisor, effective July 1, 1971. She later was appointed by the Board to the position of school lunch supervisor and continues to serve in this position as a tenured employee.
Plaintiff, Mr. Melvin A. Small (Small), was initially employed as a classroom teacher by the Board in 1964. He was promoted by the Board, on September 6, 1985, to the position of supervisor of transportation and related instruction. He continues to serve in this position as a tenured employee of the Board.
*575 Both Grabert and Small, although tenured employees, have -written employment contracts with the Board for not less, nor more, than four (4) years. Board policy requires these employment contracts. The contracts indicate the position of employment but are silent as to the salary that is to be paid for such positions.
Both Grabert and Small discovered they were paid in accordance with an index different from other supervisors employed by the Board. After unsuccessful attempts to correct the matter by discussions with the Board members, the personnel department, and the superintendent, Grabert filed suit on June 22, 1990. Likewise, Small filed suit December 11, 1990. The two suits were consolidated for trial. Trial on the merits was set for May 28,1992. Plaintiffs sought a determination of their status under the contract as well as past wages, specifically past increases in salary, in accordance with the appropriate salary index, retroactive to date of entitlement. The Board filed a Motion for Partial Summary Judgment, contending plaintiffs’ claims for salary had prescribed in part based on La.C.C. art. 3494, and thus, plaintiffs’ recovery should be limited to a period beginning three (3) years prior to the filing of each suit. The trial court granted the Motion for Partial Summary Judgment on May 27, 1992. Plaintiffs appeal.
ASSIGNMENT OF ERROR NUMBER ONE
The trial court found the three year prescriptive period of La.C.C. art. 3494 applicable to plaintiffs’ claims. Plaintiffs contend this finding is erroneous.
Plaintiffs requested that the court determine the index to be utilized in determining their respective rates of pay and payment accordingly, which necessitates an interpretation of their contracts. Thus, plaintiffs contend their action is a contract claim, a personal action, triggering the ten year prescriptive period found in La.C.C. art, 3499.
La.C.C. art. 3499 provides:
Art. 3499. Personal action
Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.
The Board’s position is that this suit is essentially a suit for past wages and thus the applicable prescriptive period is three years, according to La.C.C. art. 3494; that 3499 does not apply because recovery of wages is “otherwise provided by legislation,” specifically in 3494. It cites Achord v. City of Baton Rouge, 489 So.2d 1373 (La.App. 1st Cir.1986), writ denied 493 So.2d 641 (La. 1986), writ denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (La.1987) as support for its position and argues that whenever recovery of wages is involved, 3494 would always apply, regardless of other issues.
La.C.C. art. 3494 provides:
SECTION 2. THREE YEAR PRESCRIPTION
Art. 3494. Actions subject to a three-year prescription
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;
(2) An action for arrearages of rent and annuities;
(3) An action on money lent;
(4) An action on an open account; and
(5) An action to recover underpayments or overpayments of royalties from the production of minerals, provided that nothing herein applies to any payments, rent, or royalties derived from state-owned properties.
It became effective January 1, 1984 as a result of the consolidation of former La.C.C. arts 3534 and 3538. The minutes of the House Committee concerning proposed La. C.C. art. 3494 indicate that the parameters this new article was intended to encompass are those covered by 3534 and 3538:
Art. 3494. Actions subject to a three-year prescription
*576 This Article is a redraft of current Articles 3534 and 3538 which had similar provisions for prescription, allowing one year and the other three-years prescription. The proposed 3494 combines these actions but makes all actions a three-year prescription.
(Emphasis added).
Parameters of article 3534 of the Louisiana Civil Code of 1870 included the following actions:
Art. 3534. Actions prescribed by one year
Art. 3534. The following actions are prescribed by one year:
That of justices of the peace and notaries, and persons performing their duties, as well as that of constables, for the fees and emoluments which are due to them in their official capacity.
That of masters and instructors in the arts and sciences, for lessons which they give by the month.
That of innkeepers and such others, on account of lodging and board which they furnish.
That of retailers of liquors, who sell ardent spirits in less quantities than one quart.
That of workmen, laborers and servants, for the payment of their wages.
That for the payment of the freight of ships and other vessels, the wages of the officers, sailors and others of the crew.
That for the supply of wood and other things necessary for the construction, equipment and provisioning of ships and other vessels.
Article 3538 dictated the prescriptive period for the following actions:
§ 2 — Of the PRESCRIPTION of Three Years
Art. 3538. Actions prescribed by three years; discontinuance of prescription
Art. 3538. The following actions are prescribed by three years:
That for arrearages of rent charge, annuities and alimony, or of the hire of movables and immovables.
That for the payment of money lent.
That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences who give lessons by the year or quarter.
That of physicians, surgeons and apothecaries for visits, operations and medicines.
That of parish recorders, sheriffs, clerks and attorneys for their fees and emoluments.
That on the accounts of merchants, whether selling for wholesale or retail.
That on the accounts of retailers of provisions, and that of retailers of liquors, who do not sell ardent spirits in less quantities than a quart.
That on all other accounts.
This prescription only ceases from the time there has been an account acknowledged in writing, a note or bond given, or an action commenced. (As amended by Acts 1888, No. 78)
Neither 3534 nor 3538 applied to disputes regarding the interpretation, or specific performance, of employment contracts or actions based on written employment contracts. Thus, since 3494 was simply a compilation of 3534 and 3538, the prescriptive period of 3494 is restricted to those causes of action delineated in 3534 and 3538. We may not “read into” La.C.C. art. 3494 what is not specifically covered, as statutes of prescription must be strictly considered. Guillot v. Guillot, 346 So.2d 813 (La.App. 1st Cir.1977), writ denied, 350 So.2d 40 (La.1977).
At first glance, Montiville v. City of Westwego, 592 So.2d 390 (La.1992) and Acadia Holiness Association v. IMC Corporation, 616 So.2d 855 (La.App. 3 Cir.1993), may appear to be relevant to our inquiry.
In Montiville, supra, initially, plaintiffs filed for a declaratory judgment against defendant for emoluments. Judgment was rendered in plaintiffs’ favor, requiring defendant to pay plaintiffs overtime, sick leave and annual leave, under La.R.S. 33:2211, which mandates payment of the above to police officers. The defendant did not comply with the judgment thus, plaintiffs filed suit to collect their previously litigated money judgment. The court stated that plaintiffs had three (3) years from the date of the declara *577 tory judgment to file suit to recover already determined compensation per the judgment. The question in Montiville was not what prescriptive period should apply when interpretation of a contract is at issue but rather, does a declaratory judgment interrupt prescription.
In Acadia, supra, plaintiffs, lessors of oil leases, filed suit against defendants, lessees, for underpayment of royalties. Plaintiffs “styled their petition as a lease cancellation and an accounting of royalties, payment due and damages. They prayed for a money judgment relative to the listed causes of action.” Notwithstanding, the court found this was simply an underpayment of royalties case, subject to the three (3) year prescriptive period of La.C.C. art. 3494, not requiring an interpretation of the contract, as in the case, sub judice.
Young v. Allen Parish School Board, 349 So.2d 469 (La.App. 3d Cir.1977), involved the issue of whether teachers should be given credit for military service in the calculation of their salaries. A teacher sued for the difference he would have been paid had he been paid at a rate which reflected his military time. The employment contract was silent as to salary. Young concluded, inter alia, that the dispute was one in contract, a personal action; namely, for specific performance of a contract of employment, even though plaintiff sought recovery of past wages. See also Tillman v. New Orleans Saints Club, et al, 265 So.2d 284 (La.App. 4th cir.1972), United Carbon Company v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209 (1956) and Scallan v. Mark Petroleum Corp., 303 So.2d 498 (La.App. 2d Cir.1974), writ denied, 307 So.2d 370 (La.1975).
Even though Young, supra, was decided prior to the 1984 amendment, which consolidated La.C.C. arts. 3534 and 3538, Young is nevertheless applicable to the case, sub judi-ce, for the purpose of defining our cause of action.
In the case, sub judice, as in Young, an interpretation of plaintiffs’ contracts must be made in order to establish the appropriate rate of pay. A claim for past due wages may or may not flow from this interpretation.
Further, a dispute over the appropriate contractual rate of pay is a different proposition from the failure to pay according to an established rate of pay. Until the former is resolved, the amount of wages owed, if any, cannot be determined. Thus, it is first a contract case, a personal action; the measure of damages being wages. To apply a three (3) year prescriptive period would give the employer more rights than an employee for the same issue. Whenever an employer sues an employee regarding a contractual dispute, regardless of whether it involves the payment or return of wages paid, the employer has ten (10) years to bring suit unlike the employee who would have only three (3). Clearly, this unfair result was not intended by the legislature.
For the foregoing reasons, we find the applicable prescriptive period governing plaintiffs’ claims to be the ten year prescriptive period of La.C.C. art. 3499.
ASSIGNMENT OF ERROR NUMBER TWO
Plaintiffs’ second assignment of error is that the trial court erred in granting the Motion for Partial Summary Judgment. The trial court found that the three year prescriptive period of La.C.C. art. 3494 applied to plaintiffs’ claims and thus granted a Motion for Partial Summary Judgment, finding that a portion of plaintiffs’ claims had prescribed.
A Motion for Summary Judgment is proper if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). See also Thornhill v. Black, Sivalls, and Bryson, Inc., 394 So.2d 1189 (La.1981).
As the trial court applied the incorrect prescriptive period of three years to this case, the defendants were not entitled to judgment, as a matter of law. Thus, the trial court erred in granting the Motion for Partial Summary Judgment.
DECREE
For the reasons assigned above, the judgment appealed is reversed. Costs of this *578 appeal are assessed to appellee, Iberia Parish School Board.
REVERSED.
DOMENGEAUX, C.J., concurs in the result reached.