RLeBLANC, Judge.
This action commenced with a class action petition filed by Virginia McDonald Wilson, individually and on behalf, of all other persons similarly situated, purportedly alleging claims for mineral royalties, breach of implied obligations of mineral lessees, antitrust violations, and a claim under the unfair trade practices act against several oil and gas companies and individuals.
Ms. Wilson’s petition, filed April 26, 1996, named as defendants, Palmer Petroleum, Inc., Lyons Petroleum Company, Earl E. Wall, Oryx Energy Company, Koch Oil Company (Koch), Phibro Energy USA, Inc. (k/n/a Basis Petroleum, Inc.), Texaco Exploration and Production, Inc. and Texaco Trading and Transportation (Texaco Trading), Inc. On June 17,1996, plaintiffs filed a first amended class action petition setting forth the names of the other plaintiffs (Charles D. Segura, Sallie D. Segura, Craig Major; Patrice Major, Robert Charles Dawson, IV, Land Investments of Louisiana, Inc.), and naming Chevron USA, Inc., Exxon Corporation, Martin Exploration Company and Amoco Production Company as additional defendants. On August 28,1996, plaintiffs.filed a second amended class action petition naming Dr. Cecil J. Bergeron, as an additional plaintiff, Pennzoil Oil and Production Company as an additional defendant and amending the subsection entitled “statement of facts” to include the above mentioned plaintiff and defendant. All of the defendants filed various declinatory, dilatory and peremptory exceptions raising numerous objections under each exception. On August 21, 1997, Judge Jack Marionneaux 1) denied defendants’ declinatory exception raising the objection of improper venue',' 2) denied defendants’ declinatory exception raising the objection of lis pendens 3) denied defendants’ dilatory exception raising the objections of prematurity and want of amicable demand, 4) denied defendants’ dilatory exception raising the objection of lack of procedural capacity, 5) denied defendants’ peremptory exception raising the objections of prescription and peremption, 6) denied defendants’ peremptory exception raising the objection of res judi-cata, 7) denied defendants’ peremptory exception raising the objection of no cause of action, 148) granted defendants’ peremptory exception raising the objections of no right of action and lack of standing as to the claim under the Louisiana unfair trade practices act and denied the exception as to the remainder of the claims, 9) denied defendants’ peremptory exception of no cause of action and no right of action as to Texaco Trading, Koch or Phibro, 10) denied defendants’ decli-natory exception raising the objection of lack of subject jurisdiction, 11) denied defendants’ dilatory exception raising the objection of non-conformity of the petition, 12) deferred ruling on the defendants’ dilatory exception of vagueness as to the fraud claims and the antitrust claim pending limited discovery and 13) denied defendants’ dilatory exception raising the objections of improper joinder of parties and improper cumulation of actions. The defendants appeal that ruling.
On appeal, defendants assign the following as error:
1) the trial court erred in denying defendants’ peremptory exception raising the objection of no cause of action and in deferring ruling on defendants’ dilatory exception raising the objection of vagueness because plaintiffs failed to adequately state a claim under the Louisiana antitrust laws,
2) the trial court erred in denying defendants’ peremptory exception raising the objection of no cause of action because the court lacked jurisdiction over plaintiffs antitrust claims,
3) the trial court erred in denying defendants’ peremptory exception raising the objection of lack of standing because plaintiffs lack standing to pursue claims under the Louisiana antitrust laws,
4) the trial court erred in denying defendants’ dilatory exception raising the objections of prematurity and want of amicable demand and their peremptory exception *145 raising the objection of no cause of action because no named plaintiff submitted- a pre-litigation demand before filing suit for additional royalties and breach of implied obligations, as required by the Mineral Code,
5) the trial judge erred in denying defendants’ peremptory exception raising the objection of prescription because plaintiffs’ alleged royalty claims arising more than three years prior to filing this suit have prescribed, and plaintiffs failed to meet their burden of proof for the application of the doctrine of contra non valentem,
6) the trial judge erred in denying defendants’ peremptory exception raising the objection of prescription because plaintiffs may recover, at most, for antitrust damages sustained during the year immediately preceding the filing of this suit,
|s7) the trial court erred in denying defendants’ dilatory exception raising the objection of improper joinder of parties and improper cumulation of actions because there is no community of interest among the defendants,
8) the trial court erred in denying defendants’ declinatory exception raising the objection of improper venue because venue is not proper in the Parish of Pointe Coupee as to each defendant named in this lawsuit,
9) the trial court erred in denying defendants’ declinatory exception raising the objection of lis pendens because' there is pending in federal court a previously filed action encompassing the claims of some putative class members against some of the defendants here and therefore a stay is appropriate,
10) the trial court erred in denying defendants’ peremptory exception raising the objections of no cause of action and no right of action because each named plaintiff lacks a lease relationship with each defendant and some defendants have no lease relationship with any named plaintiff.
Because we find merit in defendants’ assignment of error number four, it is improper for us to address the other assignment of errors.
Although plaintiffs’ petition purports to allege separate and discrete royalty claims, claims for breach of implied obligations of mineral lessees, antitrust violations, and violations of the unfair trade practices act, all of their claims are for the underpayment of royalties. A royalty claim does not lose its identity merely because it is characterized as an antitrust claim. In order to determine whether a claim is one for royalties, the court must look to the petition. See Acadia Holiness Ass’n v. IMC Corp., 616 So.2d 855 (La.App. 3d Cir.), writ denied, 620 So.2d 842 (La.1993), wherein the Third Circuit held that although characterized as a claim for an accounting, the royalty claim did not lose its identity because of how it was characterized. In the ease sub judice, although plaintiffs couch their claims in terms of antitrust, breach of implied obligations, unfair trade practices violations, and a demand for additional royalties, all of their claims are for the underpayment of royalties. After a thorough review and reading of the record and in .particular, the amended petitions, we are of the opinion that all of plaintiffs’ claims are based Lon the allegation that their royalties were underpaid. Moreover, at the hearing, plaintiffs admitted their claims were royalty claims.
The applicable law as to notice and demand is set forth in the Louisiana Mineral Code. La.R.S. 31:137 et seq. establishes the procedure to be followed by a mineral lessor seeking the proper payment of royalties. La.R.S. 31:137 provides that, “[i]f a mineral lessor seeks relief for the failure of his lessee to make timely or proper payment of royalties, he must give his lessee written notice of such failure as a prerequisite to a judicial demand for damages or dissolution of the lease.”
When written notice has been given, the provisions of La.R.S. 31:138 become applicable. This provision affords the mineral lessee thirty (30) days after receipt of the required notice within which to pay the royalties due or to respond, in writing, by stating a reasonable cause for non-payment. If the lessee pays the royalties demanded within thirty (30) days after receipt of the lessor’s written notice, the remedy of dissolution becomes unavailable to the lessor, unless the lessee fraudulently withheld pay *146 ment. La.R.S. 31:139. If the lessee fails to pay royalties due or fails to inform the lessor of a reasonable cause for failure to pay in response to the notice, the court may award as damages double the amount of royalties due, interest on that sum from the date due, and reasonable attorney’s fee, regardless of the cause for the original failure to pay royalties. The court may, in,its discretion, dissolve the lease. La.R.S. 31:140.
The Official Comment to La.R.S. 31:137 states “[I]t is the intent of [Mineral Code] Articles 137 [through] 141 to provide lessors with a meaningful remedy while simultaneously giving operators who have made substantial investments in producing properties the security of title which the nature and size of their investment deserves.” These provisions provide lessors with some meaningful remedy, besides recovery of interest, to assure timely payment of the production royalties, and is balanced with the harshness of lease cancellation, which may involve the investment of millions' of dollars. The Comment further notes that La.R.S. 31:137 does not intend that this notice be a demand for performance, as in 17the case of the traditional default under the Louisiana Civil Code, since the lessor may not desire performance. Rather, the device of notice is merely to inform the lessee he has not paid royalties deemed by the lessor to be due. The total effect of the articles is to provide an impetus to timely payment of royalties due, while giving lessees a reasonable way in which to avoid the harsh remedy of cancellation. It also affords the lessee an opportunity to evaluate a non-payment situation and to make a decision regarding whether the royalties allegedly due should be paid. Willis v. Franklin, 420 So.2d 1243, 1245 (La.App. 3rd Cir.1982).
The plaintiffs argue the pre-Mineral Code distinction between active and passive breaches of a lease remains applicable to royalty claims under La.R.S. 31:137. This argument is misplaced. The language of La. R.S. 31:137 requires demand as a prerequisite to all royalty litigation. Moreover, the redactors of the Mineral Code stated that “Article 137 contemplates that at any time there has been a nonpayment of royalties, the lessor must notify the lessee.” The comment further explains, that the demand requirement was instituted by the legislature to change the prior law. Therefore, we reject plaintiffs’ reliance on pre-Mineral Code case-law.
Because plaintiffs concede they did not provide any defendant with the mandatory prelitigation demand, and thus failed to perfect their right of action, their lawsuit is premature and must be dismissed.
For the foregoing reasons, the judgment denying defendants’ dilatory exception raising the objections of prematurity and want of amicable demand, as well as their peremptory exception raising the objection of no cause of action, is reversed and in all other aspects is vacated. Cost is divided equally among all plaintiffs/appellees.
REVERSED AND VACATED.