Dear Mr. Frith:
You have requested an Attorney General Opinion regarding the legality of a policy of the Lafayette Parish School Board ("School Board") entitled Incentive Plans for Contract Bus Drivers ("Plan"). The Plan, based on the policy attached to your opinion request, provides cash incentives to contract bus drivers who acquire a new or used bus not exceeding eight years of age and place it in service on an assigned route. Those contract drivers acquiring a new bus are eligible for a $2,000 annual incentive for eight years. Contract drivers acquiring a used bus that is up to five years old are eligible for a $1,000 annual incentive for five years and contract drivers acquiring a used bus between six and eight years old are eligible for a $500 annual incentive for three years. The policy attached to your request provides that "[i]ncentive payments shall be above the annual operational reimbursement rate in effect and shall be guaranteed for eight (8), five (5), or three (3) years, whichever applies." The policy also states that "[s]upplements shall continue until the policy is amended or rescinded" and that payments are made once a year and are subject to all applicable taxes and withholdings. The language of the policy does not indicate whether the Lafayette Parish School Board considers the payments salary or something other than salary. We have been informed by officials with the Lafayette Parish School System that the payments are treated as salary.
La. Atty. Gen. Op. No. 98-256 addressed a question regarding a school board's authority to adopt a cash incentive plan that appears to be similar to the School Board Policy you ask that we review. In that opinion, the Acadia Parish School Board questioned whether it could adopt a cash incentive plan whereby contract school bus drivers would be paid $1500 per year for five years if they acquired a new or used school bus not exceeding five years of age. This office opined that nothing prevented the Acadia Parish School Board from providing the cash incentive in the form of a salary adjustment. Our opinion remains consistent with the finding in La. Atty. Gen. Op. No. 98-256 as it relates to the ability of a school board to pay such a cash incentive as part of a bus driver's salary, pursuant to the *Page 2 
terms of a contract driver's contract; however, we will reexamine the findings in La. Atty. Gen. Op. No. 98-256 relating to operating expenses.
The Louisiana Constitution provides for the creation of parish school boards in Article VIII § 9(A), which states "[t]he legislature shall create parish school boards and provide for the election of their members." School boards are "subject to control and supervision by the State Board of Elementary and Secondary Education and the power of the legislature to enact laws affecting them." La. Const. Art. VIII § 10. The legislature has vested the school boards of this state with general control and management of the public schools in their district. La. R.S.17:81 sets forth the general powers of school boards. Within the school boards' general powers granted in La. R.S. 17:81 is the authority of school boards to employ teachers and fix their salaries and the authority to "make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper." La. R.S. 17:81(A)(1);17:81(C).
School boards' responsibilities and powers in reference to student transportation are found in La. R.S. 17:158, wherein school board authority to employ school bus operators or contract for bus transportation is granted. La. R.S. 17:158(A)(4) provides:
 For such purposes, any parish or city school board may employ school bus operators as hereinafter defined in R.S. 17:491. However, nothing in this Section shall prohibit a parish or city school from entering into contracts or mutual agreements for providing school bus transportation.[1]
Individuals that contract with local school boards to provide bus transportation receive at least two forms of compensation for the transportation services they provide: 1. salary; and 2. operational expenses. In reference to salary, La. R.S. 17:496
provides:
Minimum salaries
 A. Beginning July 1, 1982, all school bus drivers in the public schools of the state of Louisiana driving buses fourteen feet or longer in length shall receive minimum salaries on a nine-month basis of six thousand nine hundred sixty-five dollars and sixty cents.
 B. Beginning July 1, 1982, drivers of school buses having a length of less than fourteen feet and drivers of station wagons or carryalls, which are *Page 3 
used to transport sixteen or more special education students, shall receive minimum salaries on a nine-month basis of five thousand eight hundred fifty-three dollars and eighty-six cents.
 C. The salaries of drivers of vehicles used solely on feeder routes shall not be governed by the provisions of this Subpart but shall be fixed by the various school boards and the provisions of R.S. 17:497 shall not be applicable to such operations.
 D. These minimum rates shall not apply to salaries paid student drivers in those systems which in 1955-1956 or thereafter employed student drivers. Any such systems shall receive actual expenses as reimbursement, provided the base pay does not exceed the rates stipulated herein. The term "student driver" means a driver of a school bus who is attending a public school in the state of Louisiana, other than colleges, trade schools, and universities.
 E. For the purpose of receiving state reimbursement for actual expenses under the provisions of this Section, all buses which have a capacity to transport sixteen or more students under the provisions of R.S. 17:1941 et seq. and which meet federal and state requirements, shall be considered as buses fourteen feet or longer in length.
 F. The minimum salaries established in this Section shall be paid separately from any reimbursement for the minimum rate of operation provided in R.S. 17:497.
The salaries listed in La. R.S. 17:496 are minimum salaries that must be paid to school bus drivers. The courts have consistently and conclusively held that minimum salaries set in statutory salary schedules do not provide a maximum level of compensation but merely a minimum. These decisions are primarily in the context of minimum teacher salary schedules established by statute, but we find the same reasoning is applicable to minimum salaries set by statute for bus drivers. The Louisiana Fourth Circuit Court of Appeals held in Mouras v. Jefferson ParishSchool Board that the school boards' power to fix salaries includes the power to increase or decrease teachers' salaries except insofar as a statute provides a minimum salary schedule.[2] Additionally, the court in Young v. AllenParish School Board held that the "minimum salary schedule set forth for teachers in R.S. 17:419 to 17:422 is not a prohibition against paying more than the minimum."[3] What this case law *Page 4 
essentially stands for now with the evolution of salary schedules is the principle that school boards have the ability to set salaries as they deem appropriate, as long as statutory minimums are met, any prohibitions against reductions are complied with, and, applicable local policy is followed.[4] As we concluded in La. Atty. Gen. Op. No. 98-256, "nothing appears to prevent the School Board from providing the cash incentive in the form of a salary adjustment." This conclusion, as it relates to the facts presented herein, remains the opinion of this office; however, we must caution, as we cautioned in the 1998 opinion, that the payment must be prospective only and compensation for services rendered, so as not to violation La. Const. art. VII 
14.[5]
Because the findings in La. Atty. Gen. Op. No. 98-256 relied upon herein are intertwined with a conclusion in reference to the operational schedules in La. R.S. 17:497, we find it necessary to reexamine that portion of the opinion. La. R.S. 17:497 governs operational expenses of operators of buses.[6] La. R.S.17:497 sets forth a schedule setting the rate of compensation to be paid per mile driven, or, if applicable, for each mile of a frozen route.[7] As set forth in La. R.S. 17:497(F), operational expenses are distinct from salary.[8] The *Page 5 
question presented is whether the rate schedule in La. R.S.17:497 limits the compensation for operational expenses a bus driver receives to the amounts per mile provided in the schedule or if the schedule sets forth minimum rates. La. R.S. 17:497
provides in pertinent part:
 (A)(1) Beginning with the fall term of 1986, and continuing thereafter, there shall be paid to the operators thereof, as defined herein, for the operation of each school bus operated in the public school system of the state of Louisiana, a rate of compensation for such operation in accordance with the following schedule:
 Beginning Fall Term, 1986 and thereafter (All figures are on a cents per mile basis.)
 Length of bus First 6 Next 6 Over 12 Miles Miles Miles 0-6.0 6.1-12.0 12.0 Plus
 39 feet or more 117.80 107.08 80.29 38 feet or more,
 but less than 39 feet 112.44 101.72 80.29 34 feet or more,
 but less than 38 feet 107.08 96.36 80.29 28 feet or more,
 but less than 34 feet 101.72 91.01 74.94 26 feet or more,
 but less than 28 feet 96.36 85.66 74.94 23 feet or more,
 but less than 26 feet 91.01 80.30 74.94 21 feet or more,
 but less than 23 feet 85.66 74.94 69.59 19 feet or more,
 but less than 21 feet 80.30 69.59 64.25 17 feet or more,
 but less than 19 feet 80.30 64.25 58.89 14 feet or more,
 but less than 17 feet 53.54 48.17 37.47 *Page 6 
 Less than 14 feet buses, station wagons, and carryalls 53.54 48.17 37.47
 (2) The compensation, as computed in accordance with the schedule contained in this Section shall be paid for a minimum of one hundred eighty days during the nine-month school year, and for the number of days of actual operation for any summer semester.
* * *
 F.(1) When funds become available, and continuing thereafter, there shall be paid to the operators thereof, as defined herein, for the operation of each school bus operated in the public school system of the state of Louisiana, a rate of compensation for such operation in accordance with the following schedule:
 Beginning Fall Term, 1986 and Thereafter
 Length of bus Cents per mile
 39 feet or more 117.80 38 feet or more, but less than 39 feet 112.44 34 feet or more, but less than 38 feet 107.08 28 feet or more, but less than 34 feet 101.72 26 feet or more, but less than 28 feet 96.36 23 feet or more, but less than 26 feet 91.01 21 feet or more, but less than 23 feet 85.66 19 feet or more, but less than 21 feet 80.30 17 feet or more, but less than 19 feet 80.30 14 feet or more, but less than 17 feet 53.54 Less than 14 feet buses, station wagons, and carryalls 53.54
 (2) The compensation, as computed in accordance with the schedules contained in this Section, shall be paid for a minimum of one hundred eighty days during the nine-month school year, and for the number of days of actual operation for any summer semester. However, until funds become available, payment shall be made as provided in Subsection A of this Section. *Page 7 
Unlike La. R.S. 17:496, La. R.S. 17:497 does not specifically provide that the rate schedule therein consists of minimum rates. However, reference to such rate schedule being a minimum schedule is found in both La. R.S. 17:495 and 17:496(F), which provide:
 La. R.S. 17:495 Establishment of minimum salary schedules
 The Louisiana State Board of Education is hereby authorized and directed to establish and maintain a minimum salary schedule to be paid school bus drivers in the public schools of the state of Louisiana and to maintain a minimum rate of compensation to be paid for the operation of school buses in the public school system of the state of Louisiana.
 La. R.S. 17:496 Minimum Salaries
 F. The minimum salaries established in this Section shall be paid separately from any reimbursement for the minimum rate of operation provided in R.S. 17:497.
La. R.S. 17:495, 17:496, and 17:497 were first enacted in 1954 by Acts 1954, No. 74. Paragraph F of La. R.S. 17:496 was added in 1956 by Acts 1956, No. 112, § 1 and has not since been altered.[9] La. R.S. 17:497 was amended and such rates were updated or reenacted fourteen times between 1954 and 1992.[10] An applicable principal of statutory interpretation is that laws on the same subject matter must be interpreted in reference to each other,[11] i.e. in pari materia. When reading La. R.S. 17:495, 17:496, and 17:497 in reference to each other, we find that a conclusion that the rates set forth therein are minimum rates is reasonable. In addition, the legislature's failure to update the rates since 1986 may indicate the manner in which and the acceptance of how this statutory provision has been interpreted by local school boards.
Another rule of statutory interpretation that may be applied to clarify the meaning of the statute is the doctrine of contemporaneous construction. Under this doctrine, when an *Page 8 
administrative body has, over a long period of time, placed an interpretation upon a legislative enactment, that interpretation is given substantial and often decisive weight in the legislation's interpretation.[12] If a school board has interpreted La. R.S. 17:497 as a minimum rate schedule consistently over a long period of time, the school board's interpretation would be given substantial and often decisive weight in the interpretation of that provision. To the extent that it is in conflict with this opinion, La. Atty. Gen. Op. No. 98-256 is recalled.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:____________________________ Katherine M. Whitney Assistant Attorney General
CCF, Jr.:KMW
[1] This statutory provision has been interpreted as granting school boards "a vast amount of discretion in fashioning transportation policies," such as the discretion to either employ bus operators or to contract with bus drivers as independent contractors. Morgan v. Livingston Parish School Board,577 So.2d 176 (La.App. 1st Cir. 1991), writ denied,578 So.2d 933 (La. 1991).
[2] 300 So.2d 540 (La.App. 4 Cir. 1974). We believe that the authority to fix bus drivers' salaries is inherent in a school board's authority to employ and contract with bus drivers pursuant to La. R.S. 17:158(A)(4).
[3] 349 So.2d 469 (La.App. 3 Cir. 1977). In our opinion, the same findings can be applied to minimum bus driver salaries.
[4] We also note that, relating to contract bus drivers, school boards have the authority to set the terms and conditions of the contracts in which they enter with such drivers.
[5] La. Const. art. VII § 14 prohibits the state or any of its political subdivisions from loaning, pledging, or donating the funds, credit, property, or things of value of the state or any of its political subdivision to or for any person, association, or corporation, public or private. Our jurisprudence dictates that Article VII § 14 is violated any time the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so. City of Port Allen v.La. Municipal Risk Agency, 439 So.2d 399 (La. 1983). Our office has recognized that payments for services rendered do not violate Article VII § 14, but payments must be commensurate with the services rendered. See Atty. Gen. Op. Nos. 01-197, 92-389 and 80-613.
[6] "Operator" is defined as "any individual, parish, or city school board who owns and is responsible for the operation, maintenance, and replacement of a school bus operated in the public schools of the state, including state universities, colleges and junior colleges." La. R.S. 17:497(B).
[7] La. R.S. 17:497(D)(1) requires that school boards freeze routes for bus drivers with an approved purchase of a new bus or a used bus that is not more than five years old. La. R.S.17:497(D)(1) provides as follows:
 Each school board shall designate the size of the bus to be used on each official regular school bus route. When an operator deems it necessary to purchase a bus, either new or used for not more than five years from the date of manufacture, of the designated size to be used on an official regular school bus route, he shall obtain the approval for the purchase by the school board or its duly designated officer or agent. After purchasing a new or used bus not more than five years old, so approved, no operator shall be penalized as a result of the change by the school board in the designated size of the bus or the length of the route within a five-year period following such purchase of a bus. However, the period shall be seven years for those operators who purchase a new bus after July 1, 1985.
[8] La. Atty Gen. Op. No. 05-0054 analyzes the distinction between the two types of payments and confirms the position taken by this office on La. Atty. Gen. Op. Nos. 81-0847 and 91-0121 that operational expense compensation is not considered salary.
[9] The 180 day minimum set forth in La. R.S. 17:497(A)(2) was first enacted by Acts 1980, No. 382.
[10] The amending Acts are as follows: Acts 1955, No. 57, § 1; Acts 1955, No. 58, § 1; Acts 1956, No. 112, § 1; Acts 1966, No. 167, § 1; Acts 1967, No. 58, § 1; Acts 1968, No. 397, § 4; Acts 1970, No. 586, § 1; Acts 1970, No. 625, § 2; Acts 1971, No. 103, § 1; Acts 1974, No. 206, § 1; Acts 1978, No. 37, § 1; Acts 1979, No. 452, § 1; Acts 1980, No. 147, § 1; Acts 1980, No. 382, § 1; Acts 1983, No. 658, § 1; Acts 1986, No. 140, § 1; Acts 1992, No. 1086, § 1. The 1992 amendments reenacted the schedule, but did not increase the rates. The rates were last increased in the 1986 Act.
[11] La. Civ. Code art. 13.
[12] See State v. BP Exploration Oil, Inc., 96-0716 (La. 1/14/97), 686 So.2d 823, 828; Board of Trustees of StateEmployees Group Benefits Program v. St. Landry Parish Bd.
2002-0393 (La.App. 1 Cir. 2/14/03), 844 So.2d 90, 100; OuachitaParish School Board v. Ouachita Parish Supervisors Association,362 So.2d 1138 (La. 1978); Washington v. St. Charles ParishSchool Board, 288 So.2d 321 (La. 1974).