# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1535


WAYNE WATKINS

VERSUS

ST. MARTIN PARISH SCHOOL BOARD


********\*


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 66753
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

********\*


## MARC T. AMY
## JUDGE

********\*


Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.

**EXCEPTION OF PRESCRIPTION MAINTAINED IN PART; JUDGMENT REVERSED IN PART, AFFIRMED IN PART. REMANDED WITH INSTRUCTIONS.**

**I. Jackson Burson, Jr.**
**Assistant District Attorney**
**Post Office Box 985**
**Eunice, LA 70535**
**(318) 457-1227**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **St. Martin Parish School Board**

**W. Glenn Soileau**
**Post Office Box 344**
**Breaux Bridge, LA 70517**
**(337) 332-4561**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Wayne Watkins**

AMY, Judge.

The plaintiff filed suit against the defendant school board seeking credit for military service completed prior to his teaching career and the back wages associated with that credit. The defendant alleged that all but three years of the plaintiff's wage claim had prescribed. The trial court denied the exception of prescription and granted the plaintiff's wage claim. Wages and attorney's fees were awarded. The defendant appeals. For the following reasons, we maintain the exception of prescription in part. We further affirm the judgment in part, reverse in part, and remand.

## Factual and Procedural Background

The plaintiff, Wayne Watkins, began his employment with the defendant, the St. Martin Parish School Board, in January 1979 as a teacher at Cecilia High School. This suit involves his contention that the defendant erroneously denied him credit and related wages for four years of military service rendered prior to the commencement of his teaching career.

The record establishes that the plaintiff served in the United States Marine Corps from November 10, 1969 to November 9, 1973. After his honorable discharge, the plaintiff obtained a Bachelor of Science Degree from the University of Southwestern Louisiana in 1976. The Vermilion Parish School Board hired the plaintiff as a teacher in Fall 1976. According to the defendant's Response to Request for Admissions, which was entered into the record, the Vermilion Parish School Board gave him "credit" for his prior military services "for purposes of the minimum salary schedule for teachers in Louisiana, and therefore beginning as a 'five' (5) year teacher, rather than a "First" (1) year teacher on the schedule of minimum wages of Louisiana School Teachers." Mr. Watkins' employment in Vermilion Parish continued until January 19, 1979.

Mr. Watkins was hired by the St. Martin Parish School Board in January 1979. According to Mr. Watkins, he informed the Personnel Director, Joseph Wiltz, of his military service and requested credit for his years of service. According to both the plaintiff and Mr. Wiltz, this credit was denied. Mr. Wiltz testified that the denial was based upon the defendant's military leave policy, which he explained required that military service interrupt employment as a teacher in order for credit to be awarded. Mr. Wiltz remained as Personnel Director until 1987. He testified that he consistently applied the policy.

Mr. Watkins testified that, in 2002, he was informed by fellow School Board employee Charles Trenchard that Mr. Trenchard had been given credit for his years of military service. Like Mr. Watkins, Mr. Trenchard's military service was completed prior to the commencement of his teaching career. Mr. Watkins testified that he spoke with Human Resources Director[1] David Dugas, who confirmed that Mr. Trenchard had been awarded credit for his military service. Mr. Dugas testified that Mr. Trenchard had transferred the credit for his military service from Lafayette Parish. Mr. Dugas explained that it was his understanding that the defendant school board "gave any and all honorably discharged veterans up to four years of military credit for payroll purposes." The record establishes that during the period of the plaintiff's employment a number of other teachers, in addition to Mr. Trenchard, had been given credit for prior military service.

After his conversation with Mr. Trenchard, Mr. Watkins again requested that he be provided credit for his years of military service. He also requested reimbursement of the wages for the years in which he had not been provided credit.

---

[1] It appears that the title of the Personnel Director's position changed at some point to that of Human Resources Director.

Lottie Beebe, the School Board's Supervisor of Human Resources at that time, testified that, like Mr. Wiltz, she interpreted the defendant's military credit policy as requiring that teaching be interrupted by military service. The request for credit and associated back wages was referred to the School Board for its consideration.

On January 31, 2003, the defendant presented a check to Mr. Watkins for gross pay in the amount of $4,293.32. An attached letter addressed to Mr. Watkins and signed by Gwyn Theriot, the School Board's Chief Financial Officer, explained that it was "a payroll check for settlement of military time." The check represented back pay for the previous three years plus interest. According to Ms. Beebe, the check reflected the School Board's reaction "to the advice of Mr. Chester Cedars, who is legal counsel, because . . . he wanted to more or less minimize any damages if that would be the case."

Mr. Watkins did not negotiate the check and filed the instant matter in June 2003, seeking "wages to which he is entitled from 1979 through the present date together with the appropriate notation and reflection of his retirement record that such wages are due and owing together with penalties and attorney fees for failure to pay the wages as required by Louisiana Law . . . ." In its answer, the defendant asserted that the matter was prescribed. Consideration of the exception was deferred to the merits.

Following a hearing, the trial court denied the exception of prescription based upon a finding of *contra non valentem*. The trial court further found that given the defendant's application of its military service credit policy, a teacher's employment did not have to be interrupted in order to receive credit for military service. Thus, the trial court found that the plaintiff was entitled to credit for his four years of military

3

service. Based upon a stipulation as to wages and interest due, the trial court awarded damages in the amount of $95,321.75. The trial court awarded attorney's fees in the amount of $12,000.00.

The defendant appeals, arguing that the trial court erred in:

1.    Failing to find that plaintiff's claim for back wages was limited by a three year prescriptive period pursuant to Louisiana Civil Code Article 3494 because the plaintiff should be credited with what he could have learned by reasonable diligence.

2.    Determining that plaintiff was entitled to military service credit dating back to the date of his hiring in 1979.

3.    Finding that the St. Martin Parish School Board was bound to pay plaintiff with credit for military service in contradiction to written Board policy and pertinent state law.

4.    Finding that the St. Martin Parish School Board was bound by the mistaken actions of two personnel directors taken in violation of written Board policy without approval of the school board.

5.    Finding that the ultra vires acts of two personnel directors in improperly granting military service credit to four or five teachers out of the hundreds of teachers hired between 1979-2003 in violation of written school board policy bound the Board to grant military service credit to plaintiff.

6.    Awarding plaintiff attorney's fees under La.R.S. 23:632 because his claim for wages was not well founded and because there is no evidence in the record to substantiate the amount awarded.

**Discussion**

The defendant's questioning of the trial court's ruling requires consideration of both the military service credit policy and the applicability of La.R.S. 17:423. The trial court found merit in the plaintiff's assertion that the wording of the defendant's policy and the inconsistent application of that policy entitled the plaintiff to back wages.

4

*Military Service Credit Policy*

The defendant argues that the language of its military service credit policy does not permit credit for military service completed prior to a teacher's period of employment. Rather, it contends that the military service must interrupt the period of employment. While acknowledging that some teachers were given credit for prior military service, it argues that these teachers were hired during a period of time in which the policy was misinterpreted by the acting personnel director. It contends that the interpretation given to the policy by Mr. Wiltz and Ms. Beebe is the appropriate one insofar as it denied credit absent interruption of employment.

The School Board Policy in effect from 1972 through December 2003[2] provided, in pertinent part, as follows:

> 2. Experience Within St. Martin Parish
>
> Military Service
>
> A maximum of four years credit shall be allowed for prior military service. In the case of fractional years, no rounding up shall be done. Fractional teaching service, however, could be combined with fractional military service to give complete years of service. This applies only to individuals having had their teaching experience interrupted by military service.
>
> No credit will be given for service with reserve components of any branch of the military.

The trial court concluded that the defendant's application of the policy required that the plaintiff be credited for military service completed prior to his employment. In reason for ruling, the trial court explained as follows:

> The issue before the Court turns not on the written St. Martin Parish Military Service policy, but the application of said policy

---

[2] Ms. Beebe's testimony along with post-trial filings indicates that the School Board has since repealed the policy at issue and adopted a revised policy.

between 1979 (Plaintiff's year of hire) through his request for back pay in October of 2002. The Court recognizes the differences in interpretation could rest in the ambiguity, of the 1956 version of La.R.S. 17:423, regarding whether "persons" receiving service credit had to have begun their teaching career before or after their military service. However, that issue was settled by the 1972 Amendment which clearly defined "persons" as ". . . only a person who was a regularly employed teacher, as . . . defined in La.R.S. 17:441, . . . prior to the time of induction . . . See La.R.S. 14[sic]:423 and **Washington vs. St. Charles Parish School Board**, 288 So.2d 321 (La. 1974).

While the St. Martin Parish policy on military service credit is based on La.R.S. 14[sic]:423, Louisiana jurisprudence does not prohibit a particular school board from adopting a more liberal policy and extending credit for military service p[er]formed prior to entering a teaching career; so long as the school system bears the cost itself and does not call upon the State to contribute in any way. **Young vs. Allen Parish School Board**, 349 So.2d 469 (La.App. 3 Cir. 1977). In fact, the application of the pertinent St. Martin Parish policy has done just that. It has afforded teachers, who's teaching careers were not interrupted by military service, credit for years serviced in the military not exceeding four (4) years; and the School Board does not refute that fact. Additionally, the School Board does not refute the fact that during the period beginning in 1979 (Plaintiff's year of hire) and 2002, other employees with similar military and teaching service were given credit for military service and Plaintiff was denied said credit. Further, Plaintiff and Defendant agree that the written policy did not change between 1979 and 2003 and as such this Court can only reach the conclusion that this Plaintiff is entitled to back pay for the years his military credit was denied while others were allowed. Any other conclusion would result in an inconsistent application of the same policy under similar circumstances.

As far as the wording of the policy, the trial court correctly observed that its wording reflects credit only for military service that interrupts teaching experience. The final sentence of the first paragraph specifically indicates that: "This applies only to individuals having had their teaching experience interrupted by military service." Thus, the policy does not provide entitlement to credit for military service completed prior to the commencement of a teacher's career. Further, we find no merit in the plaintiff's assertion that the interruption requirement of the final sentence applies only to the second sentence.

6

However, we conclude that the trial court erred in determining that the defendant's subsequent *application* of that policy to other teachers requires that the same credit be given to the plaintiff. As recognized by the trial court, a school board can adopt a more liberal military service credit policy than is provided by statute. *See Young v. Allen Parish School Bd.,* 349 So.2d 469 (La.App. 3 Cir. 1977). In *Young,* however, the court found that the plaintiff and the school board had entered into such an agreement. In this instant case, there is no such contract as the plaintiff was told early during his employment with the school board that it did not extend credit for military service completed prior to employment. While perhaps inequitable, the inconsistent application of the school board's policy does not resolve the plaintiff's claim for his own back wages and salary as it appears before us in the present case.

This assignment lacks merit.

*La.R.S. 17:423*

The defendant also contends that no statutory authority exists that entitled the plaintiff to credit for military service completed prior to the commencement of his teaching career. As with its policy, the defendant contends that La.R.S. 17:423, referenced by the trial court, only provides for service credit for military service that interrupted a teacher's career.

La.R.S. 17:423, provides:

**§ 423. Persons entering military service; right to prior service credit**

Anything in this Part to the contrary notwithstanding, any person who shall have served on active duty in the armed forces of the United States during World War II or the Korean or Viet Nam conflicts shall receive credit under the minimum salary schedule provided for in R.S. 17:419 through 422 for the period that he served in the armed forces of the United States.

The term"person", as used in this Section, shall mean and include only a person who was a regularly employed teacher, as that term is defined in R.S. 17:441, by a school system of this state prior to the time of induction for service in World War II or the Korean or Viet Nam conflicts; *provided, however, that notwithstanding any other provision of this Section any credit which has heretofore been granted by any parish or city school board under the minimum salary schedule established by R.S. 17:419 through 421 for military service rendered prior to the effective date of Act No. 585 of 1972 shall not be denied, and if such credit has heretofore been discontinued it shall be restored and henceforth continued in effect just as if such credit had never been interrupted, stopped, or denied.* (Emphasis added.)

The trial court's reasons for ruling recognize that the above provision is related to credit for military service that interrupts employment as a teacher. This is clear from the definition of "person" in the statute's second paragraph.

However, the final sentence of the statute is applicable in this case. Beginning with "notwithstanding any other provision of this Section[,]" the provision requires that "any credit which has heretofore been granted by any parish or city school board under the minimum salary schedule established by R.S. 17:419[3] through 421 for military service rendered prior to the effective date of Act No. 585 of 1972 shall not be denied[.]" The defendant's Response to Request for Admissions, which is filed into the record as an exhibit, confirms that the plaintiff began teaching in Vermilion Parish in 1976 and that "he was paid pursuant to La.R.S. 17:419, the minimum salary guideline of the State of Louisiana." The defendant further admitted that when the plaintiff began his employment in Vermilion Parish, "he was given credit for his prior military service by the Vermilion Parish School System for purposes of the minimum salary schedule for teachers in Louisiana[.]"

---

[3] La.R.S. 17:419, *et seq*. relate to the minimum salary schedule for public elementary and high school teachers.

8

As the plaintiff's military service was rendered between 1969 and 1973, a portion of the plaintiff's military service was "rendered prior to the effective date of Act No. 585 of 1972[.][4]" In the event that "such credit has heretofore been discontinued[,]" La.R.S. 17:423 requires that "*it shall be restored and henceforth continued in effect just as if such credit had never been interrupted, stopped, or denied.*" (Emphasis added.) The language is broad, with no exclusion indicating that a parish is excluded from the credit requirement because it was originally bestowed by another parish. Thus, contrary to the mandatory language of the statute, St. Martin Parish did not honor the credit for military service previously provided in Vermilion Parish. Per the statute, the plaintiff is entitled to have the previously-awarded credit restored, insofar as it was for military service rendered prior to July 26, 1972, as if it was never interrupted, stopped, or denied.

*Exception of Prescription*

The trial court denied the School Board's exception of prescription, finding the doctrine of *contra non valentem*[5] applicable due to the plaintiff's discovery that other teachers were provided with credit under the School Board's military leave policy.

---

[4]  The Act became effective July 26, 1972.

[5]  *Contra non valentem* is a jurisdictional doctrine that prevents the running of prescription in the following four instances:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this [2004-0646 La. 12] ignorance is not induced by the defendant.

*Carter v. Haygood*, 04-646, pp. 11-12 (La. 1/19/05), 892 So.2d 1261, 1268.

We have found the claim regarding the policy to have no merit, thus we do not discuss the trial court's ruling on *contra non valentem* in this regard.

However, as we have recognized that La.R.S. 17:423 requires that at least a portion of the credit recognized in Vermilion Parish must be reinstated by St. Martin Parish, the three-year prescriptive period of La.Civ.Code art. 3494 must be considered.

Article 3494 provides:

> The following actions are subject to a liberative prescription of three years:
>
> (1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board[.]

*See also Grabert v. Iberia Parish School Bd.*, 93-2715 (La. 7/5/94), 638 So.2d 645, wherein the supreme court recognized that an action for salary or wages past due under the appropriate salary index is subject to the three-year limitation period of La.Civ.Code art. 3494.

The plaintiff is entitled to recover under La.R.S. 17:423. Article 3494 indicates that insofar as the claim seeks "wages", it has prescribed with regard to those wages arising more than three years prior to the filing of the petition on June 23, 2003. The trial court erred in not granting the exception in this regard. As we stated above, the plaintiff was not entitled to recover under the school board policy. Any facts that he later became aware of in the application of that policy are irrelevant. Furthermore, no facts were subsequently discovered that relieves the plaintiff of the applicable prescription period with regard to his claim under La.R.S. 17:423. Rather, the statute was in effect and published at the time credit was denied. He acknowledges that he

was aware of the denial of the credit. Accordingly, *contra non valentem* is inapplicable. We reverse the denial of the exception of prescription and grant the exception to limit the plaintiff's recovery pursuant to La.Civ.Code art. 3494.

*Attorney's Fees*

Finally, the defendant questions the trial court's award of attorney's fees in this case. In ruling, the trial court relied upon La.R.S. 23:632 and found that the trial court was without discretion in awarding attorney's fees. We conclude that this determination was in error.

Louisiana Revised Statutes 23:632 provides, in part:

**§ 632. Liability of employer for failure to pay; attorney fees**

Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. *Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.*

(Emphasis added.)

The above statute does not provide for attorney's fees in this case. First, we note that La.R.S. 23:632 references La.R.S. 23:631, a statute related to payment of wages to a terminated or discharged employee. Furthermore, the final portion of La.R.S. 23:632 indicates that its requirement of attorney's fees is applicable for demand "following discharge or resignation." In the instant case, the plaintiff neither resigned nor was terminated. Thus, the statute is inapplicable and the trial court's

award of attorney's fees thereunder was in error.  We reverse the $12,500.00 award of attorney's fees.

## DECREE

For the foregoing reasons, the denial of the exception of prescription is reversed.  The exception of prescription is maintained in part to recognize that the plaintiff's claim for past due wages is limited by La.Civ.Code art. 3494.  The claim for wages earned more than three years prior to the filing of suit has prescribed.  Further, the judgment awarding damages in the amount of $95,321.75 is reversed in part.  The judgment is amended to reflect that the plaintiff, Wayne Watkins, is entitled to reinstatement of the credit originally provided for by the Vermilion Parish School Board for military service rendered prior to the effective date of July 26, 1972.  This matter is remanded to the trial court for entry of judgment awarding this credit and for the determination of the award of past due wages.  Costs of this proceeding are assessed equally to the plaintiff, Wayne Watkins, and to the defendant, St. Martin Parish School Board.

**EXCEPTION OF PRESCRIPTION MAINTAINED IN PART; JUDGMENT REVERSED IN PART, AFFIRMED IN PART.  REMANDED WITH INSTRUCTIONS.**